■ GEDULA 26, LLC, et al., Respondents-Appellants, v LIGHTSTONE ACQUISITIONS III LLC et al., Appellants-Respondents. [57 NYS3d 114]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 21, 2016, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the claims for breach of contract, wrongful eviction, reimbursement of legal fees, and punitive damages or, in any event, all claims as against defendant Lightstone Group, and granted the motion as to the fraud claim, unanimously modified, on the law, to grant the motion as to the claim for punitive damages, and otherwise affirmed, without costs.

The motion court was not precluded by the single motion rule from considering defendants' motion, because the stipulation entered into by the parties when defendants withdrew their initial motion based on improper service contemplated that defendants might "otherwise move with respect to [the] Complaint."

Dismissal of the breach of contract claim would be premature, since discovery may reveal documents that support plaintiffs' allegation that both parties accepted the terms set forth in an internal email by defendants' counsel, which email was allegedly transmitted to plaintiffs on the date of closing (*see Kasowitz, Benson, Torres & Friedman, LLP v Duane Reade*, 98 AD3d 403, 404 [1st Dept 2012], *affd* 20 NY3d 1082 [2013]).

Similarly, with respect to wrongful eviction, discovery may reveal support for plaintiffs' allegations that defendants agreed to permit them to occupy certain space in the building after the closing.

The court correctly declined to find that defendants were the prevailing party for purposes of reimbursement of reasonable attorneys' fees and costs under the agreement, because the litigation was still ongoing (*see Sykes v RFD Third Ave. I Assoc., LLC*, 39 AD3d 279 [1st Dept 2007]).

The fraud claim was correctly dismissed as duplicative of the breach of contract claim, because the only fraud alleged is that defendants did not intend to comply with the agreement (*see Berger v Roosevelt Inv. Group Inc.*, 28 AD3d 345 [1st Dept 2006], *lv denied* 7 NY3d 712 [2006]).

Dismissal of the complaint as against Lightstone Group is not warranted at this stage of the litigation, because the record suggests that Lightstone Group had a legal relationship with the other defendants sufficient to subject it to liability.

The claim for punitive damages should be dismissed, because the complaint does not allege the requisite egregious tortious conduct that is part of a pattern of similar conduct directed at the public generally, and a demand for punitive damages is not a separate cause of action (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613, 617 [1994]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Friedman, J.P., Moskowitz, Feinman and Kahn, JJ.