Carling v Peters (2019 NY Slip Op 01713)





Carling v Peters


2019 NY Slip Op 01713


Decided on March 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2019

Gische, J.P., Webber, Kern, Singh, JJ.


651203/13 -8663 8662 8661

[*1]Francis Carling, Plaintiff-Appellant-Respondent,
v
Kristan Peters, Defendant-Respondent-Appellant.


Francis Carling, New York, appellant-respondent pro se.
Kristan Peters-Hamlin, respondent-appellant pro se.



Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered September 8, 2017, which adjudged plaintiff Francis Carling to have judgment against defendant Kristan Peters for $21,213.46, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about August 8, 2017, which denied Carling's motion to compel disclosure, and appeal from order, same court and Justice, dated February 16, 2016 and entered September 27, 2017, to the extent it granted Peters's motion to dismiss Carling's claims for fraud and demand for punitive damages, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Law of the case did not bar dismissal of the fraud claim. Carling asserts that when he first commenced this fee dispute litigation in the Southern District of New York, Peters moved to dismiss on grounds similar to those asserted in her motion to dismiss below and that her motion in federal court was denied (SD NY, Sept. 14, 2010, No. 10-cv-04573 [VM]). However, the denial of that motion was not even "law" of the SD NY "case" itself, as that case expressly held (Carling v Peters, 2013 WL 865822 [SD NY February 6, 2013, at *7]).
The motion court properly dismissed the fraud claim on the ground that it duplicated the contract-based claims. The core allegation is that Peters had no intention of paying Carling in full for his services, and thus cannot stand (see e.g. Gedula 26, LLC v Lightstone Acquisitions III, LLC, 150 AD3d 583 [1st Dept 2017]). To the extent the claim arose from other alleged misrepresentations, it still fails, as it alleges no damages that would not be recoverable in a contract action (see MBIA Ins. Corp. v Credit Suisse Sec. [USA] LLC, 165 AD3d 108, 114 [1st Dept 2018]).
Carling does not salvage the claim with assertions about Peters's alleged "fraud on the courts," as his complaints derive from her alleged sharp litigation tactics and personal insults against him, not harm done to the courts or the public itself, and his punitive damages demand was, in turn, also appropriately dismissed. His conclusory request for such damages, moreover, does not mask that his fraud claim is, at its core, no different from, and duplicative of, his contract-based claims (see id. at 115).
Because the court could have dismissed the fraud claim on this ground alone, we reject, as academic, Carling's arguments about his need for discovery on the alternative ground for dismissal asserted by the court, namely, that his reliance on Peters's misrepresentations was unreasonable as a matter of law.
Contrary to Peters's contentions on cross appeal, however, Carling was properly granted summary judgment on his account stated claim. To the extent her arguments before us refer to or rely upon her papers in opposition to summary judgment, soundly rejected for untimeliness by the motion court, we do not consider them now (see e.g. Sean M. v City of New York, 20 AD3d 146, 149 [1st Dept 2005]). Her own summary judgment motion was deemed moot, but even [*2]were we to consider its merits, we would still affirm the judgment in Carling's favor.
Peters's assertions that Carling did little to no work, or was not authorized to do the work he did on the Minnesota matter, are disproven by her own emails with him, and show that it was only on December 18, 2008 that she conveyed he should cease involvement. However, the bills relevant to his claim concern work done in October, November, and the first half of December, 2008.
Her arguments about the Connecticut matter are not persuasive either. That he never entered an appearance does not mean that he did not, without formally appearing, do billable work. Also, he alleged he is admitted to practice in Connecticut, and Peters offers no proof to support her assertions to the contrary.
She claims she could not have paid him due to the absence of a retainer agreement, but "failure to comply with the letter of engagement rule (22 NYCRR 1215.1) does not preclude . . . recovery of legal fees under a theory of account stated" (Jaffe Ross & Light, LLP v Mann, 121 AD3d 480 [1st Dept 2014]; see also Seth Rubenstein, PC v Ganea, 41 AD3d 54, 63 [2d Dept 2007]). The record before us shows that, after receiving the benefit of Carling's services, Peters invoked the absence of a retainer agreement in an effort to evade her payment obligations, and the court was right to award him the amounts reflected in his bills.
Peters's reliance on Part 137 is misplaced, as 22 NYCRR 137.1 does not apply to "disputes where no attorney's services have been rendered for more than two years" (22 NYCRR 137.1[b][6]). Here, the parties' fee dispute was commenced in 2013, but Carling had ceased rendering legal services to Peters in December 2008.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2019
CLERK