Joseph v Rassi (2021 NY Slip Op 04967)





Joseph v Rassi


2021 NY Slip Op 04967


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-02374
 (Index No. 510914/16)

[*1]Adam Joseph, etc., respondent,
v
Mazdack Rassi, etc., et al., appellants.


Westerman, Ball, Ederer, Miller, Zucker & Sharfstein, LLP, Uniondale, NY (Ellen Tobin of counsel), for appellants.
Stevenson Marino LLP, New York, NY (John R. Stevenson and Kennedy Lillis Schmidt & English [Nathan T. Williams], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 4, 2018. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff is a minority member holding 25% of Legs Media, LLC (hereinafter Legs Media), and Milk Agency, LLC (hereinafter Milk Agency). Three other members, the defendants Mazdack Rassi, Moishe Mana, and Erez Shternlicht (hereinafter collectively the Controlling Members), each hold 25% of those LLCs. Legs Media is a media production company, and Milk Agency is an advertising and social media company, both organized in Delaware.
The plaintiff commenced this action, individually and as a member of Legs Media and Milk Agency, alleging that the Controlling Members used Legs Media and Milk Agency staff and resources to enhance the value of their separate companies at the expense of the plaintiff and the
LLCs in which he had an interest. This included appropriation of a cosmetic brand, Milk Makeup, which was developed by Legs Media staff, and the use of Legs Media and Milk Agency resources and office space. The Controlling Members, aided by the defendant Scott Sassa, allegedly redirected significant resources to Milk Makeup, draining Legs Media's resources, and then created new companies which excluded the plaintiff from ownership of Milk Makeup. The Controlling Members also allegedly sought to create a new entity which would fold in Legs Media and Milk Agency, without offering the plaintiff an equivalent interest. The plaintiff rejected an offer made to him with respect to Legs Media, and his employment as managing member was terminated. The Controlling Members then started to wind down Legs Media's business.
The complaint asserted causes of action, among others, to recover damages for breach of fiduciary duty, corporate waste, misappropriation of corporate opportunity, and civil conspiracy, [*2]and for declaratory relief. The defendants moved, inter alia, to dismiss the complaint pursuant to CPLR 3211(a)(3) and (7), arguing, among other things, that the plaintiff lacked standing under Delaware law to assert his claims in his individual capacity, and had failed to plead the demand, or the futility of a demand, required for derivative claims. The Supreme Court denied dismissal pursuant to CPLR 3211(a)(3) based on the single-motion rule of CPLR 3211(e) and waiver given that the defendants' initial motion pursuant to CPLR 3211(a) to dismiss the complaint, which had been denied in an order dated January 6, 2017, sought dismissal under subsection (4) and not under subsection (3). Additionally, the court denied dismissal pursuant to CPLR 3211(a)(7) as to the stated causes of action.
Delaware law governs the liability of the parties as members and managers of the Delaware limited liability companies (see Limited Liability Corporation Law § 801[a]; Piller v Princeton Realty Assoc. LLC, 173 AD3d 1298, 1301). Under Delaware law, a member of a limited liability company may commence a derivative action "if managers or members with authority to do so have refused to bring the action or if an effort to cause those managers or members to bring the action is not likely to succeed" (Del Code Ann, tit 6, § 18-1001). The complaint "shall set forth with particularity the effort, if any, of the plaintiff to secure initiation of the action by a manager or member or the reasons for not making the effort" (id. § 18-1003). "[D]emand will be considered futile and thus excused when the particularized factual allegations contained in the complaint create a reason to doubt that 1) 'the directors are disinterested and independent [or that] 2) the challenged transaction was otherwise the product of a valid exercise of business judgment'" (Lola Cars Intl. Ltd. v Krohn Racing, LLC, 2009 WL 4052681, *7, 2009 Del Ch LEXIS 193, *23 [Del Ch, Nov 12, 2009, C.A. Nos. 4479-VCN, 4886-VCN], quoting Wood v Baum, 953 A2d 136, 140 [Del]; see Delaware County Empls. Retirement Fund v Sanchez, 124 A3d 1017, 1019 [Del]; Aronson v Lewis, 473 A2d 805, 814 [Del], overruled in part on other grounds Brehm v Eisner, 746 A2d 244 [Del]). "If the board of directors lacks a majority comprising independent and disinterested directors, then demand is futile" (In re EZCORP Inc. Consulting Agreement Derivative Litig., 2016 WL 301245, *35, 2016 Del Ch LEXIS 14, *111 [Del Ch, Jan 25, 2016, C.A. No. 9962-VCL]).
Here, the complaint pleads with particularity that the Controlling Members were interested in the challenged transactions, such that demand is excused as futile (see 2016 WL 301245, *35, 2016 Del Ch LEXIS 14, *111). Accordingly, dismissal of the complaint pursuant to CPLR 3211(a)(3) for a failure to plead demand futility in compliance with Del Code Ann, tit 6, § 18-1003 was properly denied.
Under the particular circumstances of this case, the Supreme Court should not have denied dismissal pursuant to CPLR 3211(a)(3) based upon the single-motion rule of CPLR 3211(e) and waiver (see Gedula 26, LLC v Lightstone Acquisitions III LLC, 150 AD3d 583, 583; Barbarito v Zahavi, 107 AD3d 416, 420). However, dismissal was properly denied. Since the plaintiff had standing to bring his derivative claims against the Controlling Members (see Del Code Ann, tit 6, § 18-1001), there is no need, at this stage of the proceedings, to parse the allegations of the complaint to determine if they would also support a mixed derivative and individual claim under Delaware law (see Gentile v Rossette, 906 A2d 91, 99 n19 [Del]; Tooley v Donaldson, Lufkin & Jenrette, Inc., 845 A2d 1031, 1035 [Del]; CMS Inv. Holdings, LLC v Castle, 2015 WL 3894021, *7, 2015 Del Ch LEXIS 169, *25-26 [Del Ch, June 23, 2015, C.A. No. 9468-VCP]).
Finally, contrary to the defendants' contention, the Supreme Court properly determined that the complaint stated causes of action to recover for misappropriation of corporate opportunity (see Broz v Cellular Info. Sys., 673 A2d 148, 155 [Del]; McKenna v Singer, 2017 WL 3500241, *17-18, 2017 Del Ch LEXIS 138, *42-43 [Del Ch, July 31, 2017, C.A. No. 11371-VCMR]), and civil conspiracy under Delaware law (see AeroGlobal Capital Mgt., LLC v Cirrus Indus. Inc., 871 A2d 428, 437 n 8 [Del]; Nicolet, Inc. v Nutt, 525 A2d 146, 149-150 [Del]). The civil conspiracy cause of action was predicated on viable underlying torts (see Dunn v FastMed Urgent Care P.C., 2019 WL 4131010, *18, 2019 Del Ch LEXIS 333, *41 [Del Ch, August 30, 2019, C.A. No. 2018-0934 MTZ]; Kuroda v SPJS Holdings, L.L.C., 971 A2d 872, 892 [Del Ch]).
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court