Eaton v Bluestone (2024 NY Slip Op 01906)

Eaton v Bluestone

2024 NY Slip Op 01906

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-00249
 (Index No. 501009/21)

[*1]Craig Eaton, et al., appellants, 
v
Andrew Lavoott Bluestone, respondent.

Stephen A. Harrison, Brooklyn, NY, for appellants.
Andrew Lavoott Bluestone, New York, NY, respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated December 2, 2021. The order, insofar as appealed from, denied the plaintiffs' cross-motion for leave to enter a default judgment.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2021, the plaintiffs commenced this action against the defendant, Andrew Lavoott Bluestone, by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In March 2021, Bluestone moved pursuant to CPLR 3211(a)(8) to dismiss the action. By order dated April 23, 2021, the Supreme Court granted Bluestone's motion on the ground that service was defective. The order, however, indicated that Bluestone agreed to accept "service by e-mail." By order dated July 21, 2021, the court denied the plaintiffs' motion for summary judgment in lieu of complaint. The order indicated, inter alia, that the parties agreed that the plaintiffs shall have 30 days to electronically file a complaint, and Bluestone shall electronically file his answer within 30 days thereafter.
The plaintiffs thereafter filed a complaint. Bluestone then moved pursuant to CPLR 3211(a)(1), (3), and (7) to dismiss the complaint. The plaintiffs opposed Bluestone's motion and cross-moved for leave to enter a default judgment on the ground that Bluestone failed to timely serve an answer to the complaint. By order dated December 2, 2021, the Supreme Court granted certain branches of Bluestone's motion and denied the plaintiffs' cross-motion. The plaintiffs appeal from so much of that order as denied their cross-motion.
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing" (Lugo v Corso, 215 AD3d 944, 945 [internal quotation marks omitted]; see First Franklin Fin. Corp. v Alfau, 157 AD3d 863, 864).
Contrary to the plaintiffs' contention, under the particular circumstances of this case, Bluestone's motion pursuant to CPLR 3211(a)(1), (3), and (7) to dismiss the complaint did not [*2]violate the single-motion rule of CPLR 3211(e) (see Joseph v Rassi, 197 AD3d 1156, 1159). Pursuant to CPLR 3211(f), service of Bluestone's pre-answer motion to dismiss the complaint extended Bluestone's time to answer the complaint until 10 days after service of notice of entry of the order determining the motion (see Rosas v Petkovich, 218 AD3d 814, 816). Accordingly, the plaintiffs failed to demonstrate that Bluestone defaulted in appearing or answering the complaint, and the Supreme Court properly denied the plaintiffs' cross-motion for leave to enter a default judgment (see South Point, Inc. v John, 140 AD3d 1150, 1150).
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court