■ IRENE JONES, Respondent, v RUSSELL B. PEACOCK, Defendant, and DESMOND DEL GIACCO, Appellant.—Per Curiam. Appeal from an order of the Supreme Court (Brown, J.), entered July 22, 1991 in Saratoga County, which denied defendant Desmond Del Giacco's motion for summary judgment dismissing the complaint against him.

In this medical malpractice action commenced November 2, 1987, defendant Desmond Del Giacco (hereinafter defendant) has unsuccessfully asserted as a defense the 2½-year Statute of Limitations (CPLR 214-a) in his motion for summary judgment dismissing the complaint. Supreme Court ordered, with-

out written decision or explanation, that the motion be denied.[1] This appeal ensued.

The facts briefly stated are that plaintiff, who was born October 23, 1943, had been under the care of various physicians for treatment of acute bronchitis and allergies since she was five or six years old. In her deposition plaintiff stated that her first visit with defendant Russell B. Peacock was in 1970 when hospitalized for bronchitis. Peacock, in his deposition, testified that he first saw her on August 3, 1966 and that she remained under his care primarily for respiratory problems until October 9, 1987. On October 14, 1983, Peacock ordered plaintiff admitted to the hospital for cough, shortness of breath, weakness, chills and fatigue, and called in defendant, a pulmonary specialist. Defendant first saw plaintiff the next day and diagnosed acute bronchitis. He prescribed, among other things, solu-medrol, an antiinflamatory steroid. She was discharged from the hospital November 9, 1983 remaining under the care of Peacock and did not again see defendant until September 4, 1985. At that time, plaintiff initiated contact with defendant because Peacock, her regular attending physician, was away. She was seen by defendant in his office where he prescribed nonsteroid medication for acute tracheobronchitis and decreased the dosage of prednisone, a steroid drug which had been prescribed by Peacock. Defendant saw plaintiff again in April 1986 and last saw her on September 8, 1986, again as a consultant in the hospital where she had once again been admitted by Peacock.

In her pleadings and her deposition, plaintiff contended that defendant was guilty of negligence in treatment and that his course of treatment was without her informed consent. Defendant contends that the causes of action for his negligence based upon his treatment of plaintiff with steroids prescribed in 1983 were time barred by CPLR 214-a[2] and that there was

1. We note that the failure by Supreme Court to provide a written or oral decision deprives this court of the benefit of the rationale for its determination (see, Marine Midland Bank v Cafferty, 174 AD2d 932, 932-933; Dworetsky v Dworetsky, 152 AD2d 895, 896; see also, Matter of Schulz v Warren County Bd. of Supervisors, 179 AD2d 118).

2. The Statute of Limitations was not pleaded as an affirmative defense by defendant (see, CPLR 3018, 3211). The failure to plead was not raised in opposition to defendant's motion, nor addressed in the appellate briefs, but was brought to the parties' attention sua sponte by this court. Defendant then sought permission to add the defense as an affirmative defense in his answer, which relief plaintiff has affirmatively declined to oppose. Accordingly, the answer is deemed amended to include that defense.

no continuous treatment which tolled the Statute of Limitations.

We reverse. The record clearly establishes that defendant was, during plaintiff's 1983 hospitalization, a consulting specialist to plaintiff's regular attending physician. It was her attending physician, Peacock, who admitted her to the hospital and discharged her and with whom she continued treatment after discharge from the hospital. The proof in the record does not support plaintiff's contention that there was further treatment with defendant either anticipated or contemplated or that a relationship between plaintiff and defendant remained (see, Massie v Crawford, 78 NY2d 516, 519-520). The 1983 hospital treatment by defendant was discrete and completed upon plaintiff's discharge from the hospital (see, Rizk v Cohen, 73 NY2d 98, 105; see also, Nykorchuck v Henriques, 78 NY2d 255, 259). The contact initiated by plaintiff about one year and 10 months later when her regular physician was unavailable was a renewal, rather than a continuation, of the patient-physician relationship (see, Rizk v Cohen, supra, at 105). On this record, we are constrained to reverse the order and hold that defendant is entitled to summary judgment dismissing the complaint against him.

Weiss, P. J., Crew III, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Desmond Del Giacco and complaint dismissed against him.