■ Sergey Volkov et al., Appellants, v Vera Girsh et al., Respondents, et al., Defendant. [780 NYS2d 364]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Kramer, J.), dated August 23, 2002, as granted the motion of the defendants Stephen T. Haran and Jeannine A. Haran and the separate motion of the defendants Mario Traina and Jennifer Tramutola for summary judgment dismissing the complaint insofar as asserted against them on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) and, in effect, searched the record and granted summary judgment dismissing the complaint insofar as asserted against the defendants Vera Girsh and Igor Grodskiy on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and (2) so much of an order of the same court, dated December 31, 2002, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated August 23, 2002, is dismissed, without costs or disbursements, as that order was superseded by the order dated December 31, 2002, made upon reargument; and it is further,

Ordered that the order dated December 31, 2002, is modified, on the law, by deleting the provision, upon reargument, adhering to so much of the prior determination granting those branches of the motions which were for summary judgment dismissing the complaint insofar as asserted by Mila Sheynman and, in effect, searching the record and granting summary judgment dismissing the complaint insofar as asserted by Mila Sheynman against the defendants Vera Girsh and Igor Grodskiy and substituting therefor a provision, upon reargument, denying those branches of the motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the complaint insofar as asserted by Mila Sheynman is reinstated, and the order dated August 23, 2002, is modified accordingly.

The plaintiffs, Sergey Volkov, Bella Furmanova, and Mila Sheynman, were passengers in the lead vehicle in a four-vehicle accident, and commenced this action against the owners and operators of the vehicles involved in the accident. The defendants Stephen T. Haran and Jeannine A. Haran (hereinafter collectively referred to as Haran) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and the defendants Mario Traina and Jennifer Tramutola (hereinafter collectively referred to as Traina) moved for the same relief.

The evidence submitted by Haran and Traina, including the affirmations of an orthopedist, neurologists, and a radiologist, was sufficient to demonstrate, prima facie, that neither Volkov nor Furmanova sustained a serious injury as a result of the accident (*see Gaddy v Eyler,* 79 NY2d 955 [1992]). In opposition to the motions, Volkov and Furmanova failed to present objective evidence sufficient to raise a triable issue of fact as to whether they sustained a serious injury as a result of the accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Delpilar v Browne,* 282 AD2d 647 [2001]).

Contrary to the Supreme Court, we conclude that Haran and Traina failed to meet their prima facie burden of establishing that Sheynman did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). An examining orthopedist reported that Sheynman had, inter alia, a restricted range of motion of her cervical spine, but offered no objective evidence as to the extent of the limitation of movement to demonstrate, prima facie, that this was not a serious injury (*see generally Toure v Avis Rent a Car Sys., supra*; *Black v Robinson,* 305 AD2d 438 [2003]). Since they failed to establish their entitlement to judgment as a matter of law, the sufficiency of Sheynman's opposition papers need not be considered (*see Black v Robinson, supra*).

Finally, considering the contention of the defendants Vera Girsh and Igor Grodskiy that the Supreme Court should have granted their motion for summary judgment on the issue of liability for the happening of the accident (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]), there are issues of fact as to whether Grodskiy was negligent in the operation of the vehicle that precluded summary judgment (*see Drake v Drakoulis,* 304 AD2d 522 [2003]). Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.