◼ NATALIA CHRYSSTY, Appellant, v LOUIS KOSKOVOLIS et al., Respondents, et al., Defendant. [952 NYS2d 84]—

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the separate motions of the defendants Louis Koskovolis and Bruce Yafa which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) are denied.

The defendants Louis Koskovolis and Bruce Yafa met their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Koskovolis and Yafa submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]).

However, in opposition, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of her spine constituted serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 215-218 [2011]). Accordingly, the Supreme Court should have denied those branches of the separate motions of Koskovolis and Yafa which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Yafa's alternative contention that the Supreme Court should have granted that branch of his motion which was for summary judgment on the issue of liability (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]; *Volkov v Girsh*, 9 AD3d 424, 425 [2004]) is without merit. Yafa failed to establish, prima facie, that he was not negligent in the operation of his vehicle (*cf. Volkov v Girsh*, 9 AD3d at 425). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.