The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning *933 of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiffs spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (see Fudol v Sullivan, 38 AD3d 593, 594 [2007]), and that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Richards v Tyson, 64 AD3d 760, 761 [2009]).
In opposition, however, the plaintiff submitted evidence raising a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine (see Perl v Meher, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court properly denied that branch of the defendant’s motion which was for summary judgment dismissing the complaint.
We have not considered the defendant’s remaining contention, regarding a gap in treatment, since it was improperly raised for the first time in his reply papers, and not considered by the Supreme Court (see Tadesse v Degnich, 81 AD3d 570, 570 [2011]; see also Petito v City of New York, 95 AD3d 1095, 1095 [2012]). Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.