In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Sher, J.), entered March 8, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint on the ground that the plaintiff Kathleen Vaughan-Ware did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is denied.
The defendant met his prima facie burden of showing that the plaintiff Kathleen Vaughan-Ware (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbar region of the injured plaintiffs spine did not constitute serious injuries within the meaning of *622 Insurance Law § 5102 (d) (see Chryssty v Koskovolis, 99 AD3d 655, 655 [2012]; cf. Fudol v Sullivan, 38 AD3d 593, 594 [2007]). However, to the extent that the defendant also attempted to establish, prima facie, that those alleged injures were not caused by the subject accident, the defendant failed to do so, as his evidentiary submissions actually demonstrated the existence of a triable issue of fact as to causation (see Kearney v Garrett, 92 AD3d 725, 726 [2012]).
In opposition, the plaintiffs submitted evidence raising a triable issue of fact as to whether the injured plaintiff sustained serious injuries to the lumbar region of her spine under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (see Perl v Meher, 18 NY3d 208, 218-219 [2011]; Davis-Hassan v Siad, 101 AD3d 932 [2012]). Accordingly, the Supreme Court should have denied the defendant’s motion for summary judgment dismissing the complaint. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.