■ TERESA A. TESORIERO et al., Appellants, v BRINCKERHOFF PARK, LLC, Respondent. [5 NYS3d 261]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 24, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On November 13, 2008, the plaintiff Teresa A. Tesoriero (hereinafter the injured plaintiff) allegedly sustained injuries when, while walking in a parking lot owned by the defendant, she stepped into a puddle filling a depression in the pavement, causing her to fall. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendant alleging, among other things, that it was negligent in failing to properly maintain the area where the injured plaintiff fell. The

defendant moved for summary judgment dismissing the complaint on the ground that the depression that allegedly caused the injured plaintiff to fall was trivial and therefore, not actionable. The Supreme Court granted the motion.

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotations marks omitted]; *see Martyniak v Charleston Enters., LLC*, 118 AD3d 679, 680 [2014]; *Freas v Tilles Ctr.*, 89 AD3d 680, 681 [2011]). "Property owners may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip" (*Martyniak v Charleston Enters., LLC*, 118 AD3d at 680; *see Trincere v County of Suffolk*, 90 NY2d at 977; *Aguayo v New York City Hous. Auth.*, 71 AD3d 926, 927 [2010]). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk*, 90 NY2d at 977), and "a mechanistic disposition of a case based exclusively on the dimension of the . . . defect is unacceptable" (*id.* at 977-978). To determine whether a defect is trivial as a matter of law, a court must examine "the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*id.* at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Julianne Oldham-Powers v Longwood Cent. Sch. Dist.*, 123 AD3d 681, 682 [2014]).

Here, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. In support of its motion, the defendant submitted the affidavit of one of its partners, Brian Zeno, who estimated that the depression in the pavement was gradual, three quarters of an inch deep, and about two feet wide. However, the defendant also submitted a transcript of the injured plaintiff's deposition testimony, wherein she testified that it was raining when she fell, that the depression was filled with rainwater, and that the parking lot "was darker than usual" in that at least one of the overhead lights was not working. Under the circumstances, the evidence the defendant submitted in support of the motion did not demonstrate, prima facie, that the alleged defect was triv-

ial and therefore, not actionable. Since the defendant failed to meet its prima facie burden, the Supreme Court should have denied the motion, regardless of the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

We have not considered the defendant's contention regarding an alternate ground for affirmance, since it was improperly raised for the first time in its reply papers, and not considered by the Supreme Court (*see Davis-Hassan v Siad*, 101 AD3d 932, 933 [2012]). Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.