Avilon Automotive Group v Leontiev (2021 NY Slip Op 03140)





Avilon Automotive Group v Leontiev


2021 NY Slip Op 03140


Decided on May 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 18, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 656007/16 Appeal No. 13852 Case No. 2020-03776 

[*1]Avilon Automotive Group, et al., Plaintiffs-Appellants,
v
Sergey Leontiev et al., Defendants-Respondents, Southpac Trust International Inc., etc., Defendant.


Kaplan Hecker & Fink, New York (Sean Hecker of counsel), for appellants.
Gibson, Dunn & Crutcher LLP, New York (Robert L. Weigel of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered March 23, 2020, which granted defendants' motions pursuant to CPLR 3211(a)(7) to dismiss the second amended complaint as against them, unanimously modified, on the law, to deny the motions as to the unjust enrichment claim as against Sergey Leontiev, Leonid Leontiev, and Legion Trust, and otherwise affirmed, without costs.
The complaint states a claim for unjust enrichment against defendants Sergey Leontiev (Leontiev), Legion Trust, and Leonid Leontiev (Leonid) (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516-517 [2012]; Philips Intl. Invs., LLC v Pektor, 117 AD3d 1, 7-8 [1st Dept 2014]). It alleges that Leontiev instructed his business partner, Alexander Zheleznyak, to induce plaintiffs to lend money to certain shell companies owned and controlled by Leontiev, and then siphoned the loan funds from the shell companies by transferring them to defendant WonderWorks Investments Limited and ultimately to Legion Trust, in the Cook Islands, all entities he controlled, for personal use. Although Legion Trust and Leonid lacked a direct relationship with plaintiffs, Leontiev's knowledge of the scheme is imputable to them, since, as alleged, he created Legion Trust as a vehicle to conceal the stolen funds and designated Leonid a beneficiary and "Protector" of the trust (see Philips Intl. Invs., 117 AD3d at 7; L.I. City Ventures LLC v Sismanoglou, 158 AD3d 567, 568 [1st Dept 2018]). Viewed in plaintiffs' favor, these allegations support an inference that Legion Trust and Leonid knowingly received proceeds of wrongdoing and benefitted from them (see Metropolitan Bank & Trust Co. v Lopez, 189 AD3d 443, 445 [1st Dept 2020]).
The complaint fails to state an unjust enrichment claim against WonderWorks or its managing director, defendant Vadim Kolotnikov, who is alleged to have assisted Leontiev in transferring the funds to Legion Trust. Even if Leontiev's alleged scheming could be imputed to WonderWorks, the allegations would establish only that the loaned funds passed through it, not that it benefitted from them. Similarly, as to whether Kolotnikov benefitted from any receipt of the funds, the compensation he received from WonderWorks is "too attenuated to support an unjust enrichment claim" (Bilinski v Keith Haring Found., Inc., 96 F Supp 3d 35, 52 [SD NY 2015], affd 632 F Appx 637 [2d Cir 2015]). The allegation that his compensation was drawn from the loaned funds is speculative.
The unjust enrichment claims are not barred by the loan agreements between plaintiffs and the shell companies, because they are based on looting and wrongful retention of funds, not conduct covered by the agreements (see Sergeants Benevolent Assn. Annuity Fund v Renck, 19 AD3d 107, 111-112 [1st Dept 2005]; see also Hughes v BCI Intl. Holdings, Inc., 452 F Supp 2d 290, 304 [SD NY 2006]).
The bare allegation in the complaint that the "transfer rendered . . . Leontiev and/or WonderWorks insolvent and was [*2]made without fair consideration" is insufficient to state a claim for fraudulent conveyance under the applicable Debtor and Creditor Law former § 273 (see Jaliman v D.H. Blair & Co. Inc., 105 AD3d 646, 647 [1st Dept 2013]; NTL Capital, LLC v Right Track Rec., LLC, 73 AD3d 410, 412 [1st Dept 2010]). The complaint fails to plead the Debtor and Creditor Law former § 276 claim with sufficient particularity (CPLR 3016[b]; Ray v Ray, 108 AD3d 449, 451-452 [1st Dept 2013]), since the allegations about Leontiev's transfer from WonderWorks to Legion Trust were all made "on information and belief" (see Carlyle, LLC v Quik Park 1633 Garage LLC, 160 AD3d 476, 477 [1st Dept 2018]; DDJ Mgt., LLC v Rhone Group L.L.C., 78 AD3d 442, 443 [1st Dept 2010]). In addition, "badges of fraud" are not pleaded with particularity (see Ray, 108 AD3d at 451-452; Wall St. Assoc. v Brodsky, 257 AD2d 526, 529 [1st Dept 1999]).
The complaint fails to state a breach of contract claim against Leontiev. The recording of the August 2015 meeting in London confirmed the absence of a binding agreement. Even assuming that the meeting related to discussions about Leontiev's repayment of the debt owed to plaintiffs, the record reflects at most a nonbinding proposal to enter into a repayment agreement (see FCRC Modular, LLC v Skanska Modular LLC, 159 AD3d 413, 414 [1st Dept 2018]; Aksman v Xiongwei Ju, 21 AD3d 260, 261 [1st Dept 2005], lv denied 5 NY3d 715 [2005]). Although Leontiev stated repeatedly that he would repay Zheleznyak's debt, he refused to memorialize anything in writing and insisted that any further agreement be contingent on negotiations between the parties' attorneys. Even if there were an agreement, it would be invalid under the statute of frauds, since it would be "a special promise to answer for the debt . . . of another" (General Obligations Law § 5-701[a][2]), rather than representing an "independent duty of payment" (Matter of Lou Atkin Castings v M. Fabrikant & Sons, 216 AD2d 111, 112 [1st Dept 1995]; see also Slavenburg Corp. v Rudes, 86 AD2d 517, 518 [1st Dept 1982]).
The complaint fails to state a claim for fraud (deceit). The parties do not dispute that New York law on fraud, and English law on deceit, are similar, aside from New York's requirement that reliance be justifiable. They dispute which law applies. However, no fraud or deceit claim is stated regardless of which law is applied, because the complaint does not allege that Leontiev harbored a "a present intent to deceive" when he made the promises to repay the debt during the August 2015 meeting in London (P. Chimento Co. v Banco Popular de Puerto Rico, 208 AD2d 385, 386 [1st Dept 1994] [internal quotation marks omitted]; see also Stuart Lipsky, P.C. v Price, 215 AD2d 102 [1st Dept 1995]). The allegations that Leontiev repaid $17 million in September 2015 and that he did not settle the trust and transfer the funds until November 2015 undermine plaintiffs' claim of a present intent to deceive.
Because it [*3]does not plead an underlying tort, the complaint fails to state a claim for conspiracy (see Cohen Bros. Realty Corp. v Mapes, 181 AD3d 401, 404 [1st Dept 2020]).
The complaint was correctly dismissed as against defendant Southpac Trust International Inc. as Trustee of Legion Trust, despite the fact that Southpac did not
move to dismiss, because it states no viable claims against Southpac. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2021