Phone Admin. Servs. Inc. v Verizon N.Y., Inc. (2022 NY Slip Op 07012)

Phone Admin. Servs. Inc. v Verizon N.Y., Inc.

2022 NY Slip Op 07012

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Gesmer, J.P., Kennedy, Scarpulla, Rodriguez, JJ. 

Index No. 100329/14 Appeal No. 16854 Case No. 2022-01563 

[*1]Phone Administrative Services Inc., etc., Plaintiff-Respondent,
v
Verizon New York, Inc., et al., Defendants-Appellants.

Lowenstein Sandler LLP, New York (Gavin J. Rooney of counsel), and Robinson Bradshaw, Charlotte, NC (Gregory L. Skidmore of the bar of the State of North Carolina, admitted pro hac vice, of counsel), for Verizon New York Inc., Verizon Communications Inc., XO New York, Inc., and XO Communications Services, LLC, appellants.
Kellogg, Hansen, Todd, Figel & Frederick, PLLC, Washington, DC (Bethan R. Jones of the bar of the State of New Jersey and the District of Columbia, admitted pro hac vice, of counsel), for Level 3 Communications, LLC, CenturyLink Communications, LLC, TC Systems, Inc., AT&T Corp., AT&T Communications of New York, Inc., appellants.
Sparacino PLLC, New York (Tejinder Singh of counsel), for respondent.

Order, Supreme Court, New York County (Melissa Crane, J.), entered March 11, 2022, which denied defendants' motion to dismiss the fourth amended complaint, unanimously affirmed, with costs.
In this qui tam action, plaintiff, as relator, alleges that in violation of the New York False Claims Act (State Finance Law §§ 187 et seq.) (the NYFCA), defendant telephone carriers failed to charge their business customers all the 911 surcharges owed under the local laws.
Defendants failed to establish that the operative qui tam complaint, which followed the procedures set forth under the NYFCA, should be dismissed under CPLR 3211(a)(3) for lack of standing on the grounds that it was filed on behalf of the State of New York and not a local government entity that suffered pecuniary damage from the alleged fraud. State Finance Law § 190 confers upon the State the authority to bring a civil action on behalf of the people of the State of New York or on behalf of a local government, and to supersede and convert a complaint filed by a relator into a civil enforcement action. Thus, section 190 provides the basis for the relator's derivative standing to bring an action in the name of the State alleging injuries to local government entities.
Defendants also failed to establish that dismissal was warranted on the ground of the NYFCA public disclosure bar (State Finance Law § 190[9][b]), as the news articles and government reports here do not report on substantially the same allegations as alleged in the complaint (see Phone Recovery Servs., LLC v Verizon Washington, D.C., Inc., 191 A3d 309, 320-321 [DC Ct App 2018]). Although this Court has recently applied the public disclosure bar (State of N.Y. ex rel. Solomon v Siemens Elec., LLC, 202 AD3d 454 [1st Dept 2022]), our decision in that matter rested on the fact that the relator failed to properly allege that he was an original source of the relevant factual allegations — a situation that does not apply in this case (id. at 455-456).
Finally, the complaint satisfies the CPLR 3016(b) heightened pleading requirement — namely, that the allegations "provide adequate notice of the specific nature of the alleged misconduct to permit the state or a local government effectively to investigate and defendants fairly to defend the allegations made" (State Finance Law § 192[1-a]; see e.g., State of New York ex rel. Edelweiss Fund LLC v JP Morgan Chase & Co., 189 AD3d 723, 723 [1st Dept 2020]). The complaint pleads statewide misconduct by each defendant likely to have resulted in at least one NYFCA violation, and for each defendant, pleads which of five alleged schemes were implicated, with representative examples based on specific evidence. Moreover, the claims are not deficient merely because they are, in part, pleaded upon information and belief, given that they relate not to mere speculations but to allegations of New York misconduct that plaintiff reasonably extrapolates from its observations of defendants' billing misconduct [*2]elsewhere, and those allegations are properly tested in discovery.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022