Neptune Issue Inc. Profit Sharing Plan v Eliopoulos (2025 NY Slip Op 06001)

Neptune Issue Inc. Profit Sharing Plan v Eliopoulos

2025 NY Slip Op 06001

Decided on October 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 30, 2025

CV-24-1030
[*1]Neptune Issue Inc. Profit Sharing Plan, Respondent,
v
Mary Ellen Eliopoulos, Individually and as Executor of the Estate of Thomas Eliopoulos, Deceased, et al., Defendants, and Glenburnie Estates LLC, Appellant.

Calendar Date:September 8, 2025

Before:Clark, J.P., Aarons, Lynch, Ceresia and Fisher, JJ.

Cullen and Dykman LLP, Albany (Christopher E. Buckey of counsel), for appellant.
Gardner Skelton PLLC, New York City (Mark S. Pincus of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Robert Muller, J.), entered May 24, 2024 in Washington County, which denied a motion by defendant Glenburnie Estates LLC to dismiss the complaint.
In April 2016, plaintiff commenced an action against defendant Mary Ellen Eliopoulos (hereinafter Eliopoulos) and defendant Estates of Glenburnie LLC (hereinafter Glenburnie LLC), a domestic limited liability company owned by Eliopoulos, seeking to foreclose on a note and mortgage secured by real property located in Essex County. Plaintiff commenced a second mortgage foreclosure action against Eliopoulos and Glenburnie LLC in May 2016, this time relating to real property located in Washington County. While these actions were pending, Eliopoulos and Glenburnie LLC obtained two mortgages with nonparty Mako International, LLC, encumbering several parcels of real property located in the Town of Putnam, Washington County (hereinafter Putnam parcels). In late 2018, plaintiff was successful in obtaining judgments of foreclosure and sale in both actions and, following the referee sales, moved in each action for a deficiency judgment against Eliopoulos.[FN1] In February 2019, Eliopoulos and Glenburnie LLC further encumbered the Putnam parcels with a third mortgage from Mako. Before either deficiency judgment could be rendered in plaintiff's favor, in June 2020, Eliopoulos and Glenburnie LLC conveyed their interests in the Putnam parcels and two parcels commonly known as Lake George Way (hereinafter collectively referred to as the subject properties) to defendant Glenburnie Estates LLC (hereinafter GEL) for $529,000. Eliopoulos' son is the sole member of GEL.
Plaintiff then commenced this action against Eliopoulos, Glenburnie LLC and GEL (hereinafter collectively referred to as defendants) seeking to set aside the conveyance of the subject properties to GEL as a voidable transaction pursuant to Debtor and Creditor Law §§ 273, 274 and 275. GEL then moved, pre-answer, to dismiss the complaint for failure to state a cause of action and based on the documentary evidence (see CPLR 3211 [a] [1], [7]). Specifically, GEL contended that the allegations against defendants based "upon information and belief" are insufficient to state a cause of action with the particularity required under the Debtor and Creditor Law (see CPLR 3016 [b]). GEL further contended, among other things, that a subsequent proposed sale of the subject properties demonstrated that Eliopoulos and Glenburnie LLC received reasonably equivalent value from GEL in exchange for the transfer. Plaintiff opposed such motion, and Supreme Court entered an order without any written or oral findings denying the motion to dismiss. GEL appeals.[FN2] [FN3]
In 2019, New York enacted the Uniform Voidable Transactions Act, which repealed and replaced certain provisions of the Debtor and Creditor Law relating to fraudulent conveyances (see L 2019, ch 580, § 2). Now known as "voidable transactions" or "voidable transfers," the amendment "maintain[*2][ed] the basic principles of New York's longstanding law" while adopting the revisions by the Uniform Law Commission's 2014 version of the Uniform Voidable Transactions Act, through which the same or similar language is employed by nearly all states (Assembly Mem in Support, Bill Jacket, L 2019, ch 580 at 6-8; see United States v Miller, 604 US 518, 524 [2025]; Silber Inv. Props., Ltd. v BJG Islandia Realty, LLC, 236 AD3d 953, 955 [2d Dept 2025]). As amended, Debtor and Creditor Law § 273 (a) provides that "[a] transfer made or obligation incurred by a debtor is voidable as to a creditor . . . if the debtor made the transfer or incurred the obligation [either] (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due" (Debtor and Creditor Law § 273 [a]; see Rosenfeld v Brody, 238 AD3d 1084, 1086-1087 [2d Dept 2025]; Silber Inv. Props., LTD. v BJG Islandia Realty, LLC, 236 AD3d at 956). In determining actual intent under Debtor and Creditor Law § 273 (a) (1), courts may consider the common law "badges of fraud," which have been codified to include, among other factors, whether "(1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was disclosed or concealed; (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor" (Debtor and Creditor Law § 273 [b]; see Matter of Schiffman v Affordable Shoes, Ltd., 238 AD3d 770, 773 [2d Dept 2025]; 245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC, 223 AD3d 604, 606 [1st Dept 2024]).
Although causes of action pursuant to Debtor and Creditor Law former § 273 were not required to be pleaded with heightened particularity pursuant to CPLR 3016 (b) (see Louis Monteleone Fibres, Ltd. v Hudson Baylor Brookhaven, LLC, 228 AD3d 641, 646 [2d Dept [*3]2024]), such sufficient particularity was required for "actual intent" causes of action arising out of Debtor and Creditor Law former § 276 (see Old Republic Natl. Title Ins. Co. v 1152 53 Mgt., LLC, 227 AD3d 824, 828 [2d Dept 2024]; Avilon Automotive Group v Leontiev, 194 AD3d 537, 539 [1st Dept 2021]). Since the "actual intent" provision of Debtor and Creditor Law former § 276 was incorporated into the amended Debtor and Creditor Law § 273 (a) (1), causes of action arising under this subdivision must similarly satisfy the heightened pleading requirements (see generally Drip Capital, Inc. v JY Imports of NY Inc., ___ F Supp 3d ___, ___, 348 FRD 536, 547 [ED NY 2025]). Thus, key allegations of the transfer and badges of fraud made "upon information and belief" are generally insufficient to plead with the requisite particularly of CPLR 3016 (b) (see Avilon Automotive Group v Leontiev, 194 AD3d at 539; Carlyle, LLC v Quik Park 1633 Garage LLC, 160 AD3d 476, 477 [1st Dept 2018]). However, where material facts are within the exclusive knowledge of the party charged with such fraud, the specificity requirement is not to be so strictly interpreted "to dismiss a case at an early stage where any pleading deficiency might be cured later in the proceedings" (Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491-492 [2008]; see Paolucci v Mauro, 74 AD3d 1517, 1520-1521 [3d Dept 2010]; see generally CPLR 3211 [d]). Therefore, a pleading based "upon information and belief" can satisfy the CPLR 3016 (b) heightened pleading requirement when it is accompanied by a statement of facts "sufficient to permit a reasonable inference of the alleged conduct" (Pludeman v Northern Leasing Sys., Inc., 10 NY3d at 492; see Louis Monteleone Fibres, Ltd. v Hudson Baylor Brookhaven, LLC, 228 AD3d at 647; Phone Admin. Servs. Inc. v Verizon N.Y., Inc., 211 AD3d 493, 494 [1st Dept 2022]; cf. Carlyle, LLC v Quik Park 1633 Garage LLC, 160 AD3d at 477).
Here, the complaint alleged sufficient facts to state causes of action alleging violations of Debtor and Creditor Law § 273 (a) (1) and (a) (2). Although several key allegations in both causes of action were based "upon information and belief," we are satisfied that the accompanying factual statements are sufficient to place defendants on notice of the allegations asserted against them. Specifically, each cause of action alleged that Eliopoulos and Glenburnie LLC conveyed the subject properties to her son's entity, GEL, an insider, at a time when defendants knew they were likely to incur additional debts as a result of plaintiff's pending actions seeking a deficiency judgment against Eliopoulos. These factual statements are supported by the record, including that defendants do not dispute the son's status as an insider (see Debtor and Creditor Law § 270 [h] [1] [i]; [2] [vi]). To this point, these statements also satisfy multiple factors considered to be badges of fraud, and are sufficiently pleaded (see 245 E. 19 Realty LLC v 245 [*4]E. 19th St. Parking LLC, 223 AD3d at 606; JDI Display Am., Inc. v Jaco Elecs, Inc., 188 AD3d 844, 846 [2d Dept 2020]; see also Debtor and Creditor Law § 273 [b]).Although it is true that plaintiff's allegations relating to Eliopoulos and Glenburnie LLC's ability to repay additional debts likely to be incurred and further that Eliopoulos was insolvent after the transfer to GEL were not supported by factual statements, insolvency is presumed where a debtor is "generally not paying the debtor's debts as they become due other than as a result of a bona fide dispute" (Debtor and Creditor Law § 271 [b]). At the time of the conveyance to GEL, plaintiff had already been awarded two judgments of foreclosure and sale against Eliopoulos for her failure to make payments under two separate mortgage notes. Further considering that the record reveals Eliopoulos may have ignored an information subpoena relating to her finances as to at least one of the deficiency judgments, we are also satisfied that such financial information is within the knowledge of the parties alleged to have engaged in a fraud and which could be explored during disclosure (see Paolucci v Mauro,74 AD3d at 1520-1521).
As to the allegations that Eliopoulos and Glenburnie LLC made the transfer to GEL without "reasonably equivalent value," which is pleaded as part of a cause of action based on Debtor and Creditor Law § 273 (a) (2) and required for the transfer to be voidable under Debtor and Creditor Law § 274, GEL contends that such allegations are speculative as alleged "upon information and belief" and otherwise contrary to the documentary evidence. We disagree. Eliopoulos and Glenburnie LLC encumbered the Putnam parcels with $475,000 in mortgages from Mako, and then sold the Putnam parcels plus two other parcels — including at least one parcel not subject to a Mako mortgage that had deeded water access to Lake George [FN4] — to GEL for $529,000. As highlighted by plaintiff, this means two parcels on Lake George — one with deeded lake access — were conveyed for approximately $27,000 each. Then approximately three years later, all four subject properties were sold to a third party for $1,250,000. Although GEL contends that the actual consideration for the June 2020 transaction was above $529,000 and that the subject properties were "unmarketable and worthless" because other potential buyers "would not pay anything, let alone fair market value," for real property that was subject to multiple lawsuits, this is information within the knowledge of defendants and a "plaintiff may allege upon information and belief that defendants transferred assets for inadequate or no consideration" (477 Realty, L.L.C. v Wing Soho, LLC, 234 AD3d 469, 471 [1st Dept 2025]). Such information is also presented through the affidavit of the managing member of GEL, Eliopoulos' son, which cannot serve as the factual predicate for a motion to dismiss based on documentary evidence (see Crepin v Fogarty, 59 AD3d 837, 838 [3d Dept [*5]2009]). When further recognizing that we are to afford the complaint a liberal construction, presume the alleged facts to be true, and afford plaintiff the benefit of every favorable inference when considering a motion to dismiss for failure to state a cause of action, we are satisfied that the allegations contained in the complaint set forth a cognizable legal claim under the Debtor and Creditor Law (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d at 493; Paolucci v Mauro,74 AD3d at 1521). We have examined the remaining contentions of the parties and have found them to be without merit or rendered academic.
Clark, J.P., Aarons, Lynch and Ceresia, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied the portion of the motion of defendant Glenburnie Estates LLC seeking to dismiss the third and fourth causes of action; motion granted to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1: Each note was also executed by Eliopoulos' husband, who has passed away, and therefore each action and judgment were also entered against his estate.

Footnote 2: We reject the contention that, based on the facts of this particular case, reversal is required because Supreme Court failed to provide any rationale to support its conclusion (compare Bergin v Peplowski, 173 AD2d 1012, 1013-1014 [3d Dept 1991], with People v Kwiatkowski, 197 AD3d 1363, 1363-1364 [3d Dept 2021]). Nonetheless, we note that CPLR 2219 (a) requires the form of an order determining a motion to include "the determination or direction in such detail as the judge deems proper." Although trial courts maintain wide latitude in determining the level of such detail, the practice of issuing orders without any written or oral findings has long been disfavored as both depriving appellate courts the benefit of the trial court's rationale behind its determination and lacking assurances to the parties that their case was "fully considered and resolved logically" in accordance with the established law (Dworetsky v Dworetsky, 152 AD2d 895, 896 [3d Dept 1989]; see Jones v Peacock, 183 AD2d 1039, 1040 n 1 [3d Dept 1992]; see also Charalabidis v Elnagar, 188 AD3d 44, 49-53 [2d Dept 2020]).
Footnote 3: Plaintiff advises it is not pursuing the third and fourth causes of action alleged in the complaint, and therefore those claims are dismissed.

Footnote 4: The complaint alleged such parcel to be 7.12-1-21.2 and the schedule A description from the challenged conveyance in June 2020 described such parcel as having deeded Lake George access. It is further noted that GEL's appellate brief indicates multiple parcels were beachfront.