State of New York ex rel. Fruchtman v Tire Rack, Inc. (2025 NY Slip Op 07034)

State of New York ex rel. Fruchtman v Tire Rack, Inc.

2025 NY Slip Op 07034

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-05023
 (Index No. 106/18)

[*1]State of New York ex rel. Steven Fruchtman, appellant, 
vTire Rack, Inc., et al., respondents.

Steven Fruchtman, Syosset, NY, appellant pro se.
Alston & Bird, LLP, New York, NY (Amy F. Nogid, Steven L. Penaro, Jordan M. Goodman, pro hac vice, and Samantha K. Breslow, pro hac vice, of counsel), for respondents.

DECISION & ORDER
In a qui tam action pursuant to State Finance Law § 189, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated May 26, 2022. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
In January 2018, the plaintiff commenced this action pursuant to State Finance Law § 189, alleging, inter alia, that the defendants violated the New York False Claims Act (State Finance Law § 187 et seq.) by engaging in certain activities that render it liable for collecting sales tax on purchases made by New York residents pursuant to Tax Law § 1105 and knowingly making false records related to its tax obligations and/or knowingly concealing or avoiding such obligations. The summons was served upon the defendants in April 2021. In July 2021, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff opposed the motion. In an order dated May 26, 2022, the Supreme Court granted the motion. The plaintiff appeals.
"'A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, [thereby] conclusively establishing a defense as a matter of law'" (Dellwood Dev., Ltd. v Coffinas Law Firm, PLLC, 233 AD3d 752, 754, quoting Maursky v Latham, 219 AD3d 473, 475; see Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 89). Further, "'[o]n a motion to dismiss pursuant to CPLR 3211(a)(7) [for failure to state a cause of action], the complaint must be afforded a liberal construction, the facts therein must be accepted as true, and the plaintiff must be accorded the benefit of every possible favorable inference'" (State of N.Y. ex rel. Posillico v Caithness Long Is., LLC, 222 AD3d 1025, 1025, quoting Angeli v Barket, 211 AD3d 896, 897). "When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Pursuant to State Finance Law § 189(1)(g), liability shall be imposed on a party that "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state or a local government." Moreover, a party shall be liable for "knowingly conceal[ing] or knowingly and improperly avoid[ing] or decreas[ing] an obligation to pay or transmit money or property to the state or a local government, or conspires to do the same" (id. § 189[1][h]). The New York False Claims Act defines "knowingly" to mean "that a person, with respect to information: (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information" (id. § 188[3][a]; see People v Sprint Nextel Corp., 26 NY3d 98, 112).
Here, the evidentiary material submitted by the defendants failed to utterly refute the plaintiff's allegation that the defendants had an obligation to collect taxes in New York. At the relevant times, "[t]he sine qua non for the finding that a party has a substantial nexus with New York, and is thus required to collect sales or use taxes, is that it have a physical presence within the state" (Amazon.com, LLC v New York State Dept. of Taxation & Fin., 81 AD3d 183, 195, affd sub nom. Overstock.com, Inc. v New York State Dept. of Taxation & Fin., 20 NY3d 586; see Matter of Moran Towing Corp. v Urbach, 99 NY2d 443, 449). However, "[w]hile a physical presence of the vendor is required, it need not be substantial" (Matter of Orvis Co. v Tax Appeals Trib. of State of N.Y., 86 NY2d 165, 178). While there must be "more than a 'slightest presence,' 'it may be manifested by the presence in the taxing State of the vendor's property or the conduct of economic activities in the taxing State performed by the vendor's personnel or on its behalf'" (Amazon.com, LLC v New York State Dept. of Taxation & Fin., 81 AD3d at 195, quoting Matter of Orvis Co. v Tax Appeals Trib. of State of N.Y., 86 NY2d at 178 [citation and internal quotation marks omitted]). Thus, the "presence requirement will be satisfied if economic activities are performed in New York by the seller's employees or on its behalf" (Overstock.com, Inc. v New York State Dept. of Taxation & Fin., 20 NY3d at 595).
The complaint alleges, among other things, that, at the relevant times, the defendants had a physical presence in New York by maintaining a network of New York-based tire installers, referred to as "Recommended Installers," soliciting business in advertisements targeting New York residents, and sponsoring events in New York. The plaintiff sufficiently alleged that customers, after making a purchase from the defendants, would be either connected to a recommended installer, who would then collect an installation fee, or be directed from the recommended installer's website to the defendants' website to make a purchase and then have a recommended installer perform the tire installation. Further, the plaintiff sufficiently alleged that the defendants set forth certain requirements for the recommended installers, required the recommended installers to charge certain prices for their services, provided coupons for services performed by recommended installers, and featured recommended installers in certain advertisements in New York. The complaint also alleged that the defendants had a physical presence in New York based upon the defendants' sponsorship of events, including motor vehicle racing events and driving safety courses.
In support of their motion, the defendants submitted, inter alia, a copy of their recommended installer program page, which stated that an "Advantage[ ]" of the program was that the recommended installer would "receive qualified customers with long-term potential and a tendency to refer additional business to you." Moreover, while the defendants submitted a "Linking Non-Solicitation Agreement" with one of their recommended installers and yearly certifications of that recommended installer from 2016 to 2019, those submissions were insufficient to utterly refute the plaintiff's allegations that the defendants maintained a network of several recommended installers from 2008 to 2018 (see Anonymous v Anonymous, 165 AD3d 19, 29). Notably, the certifications submitted by the defendants do not encompass the entirety of the relevant time frame. Thus, under these circumstances, the defendants did not establish their entitlement to dismissal of the complaint pursuant to CPLR 3211(a) based upon their purported lack of a nexus with New York for taxation purposes at the relevant times (see Overstock.com, Inc. v New York State Dept. of Taxation & Fin., 20 NY3d at 595-596; Matter of Orvis Co. v Tax Appeals Trib. of State of N.Y., 86 NY2d at 178; State of New York, City of New York, ex rel. Campagna v Post Integrations, Inc., 162 AD3d 592, 592-593).
In addition, the complaint sufficiently alleged that the defendants acted "knowingly" for purposes of the New York False Claims Act (State Finance Law § 189[1][a], [b]), and the evidentiary material submitted by the defendants did not utterly refute the allegation that they acted with the requisite scienter. The communications between the defendants' counsel and the New York State Department of Taxation and Finance (hereinafter the NYSDTF), by themselves, do not show that the defendants reasonably relied upon the advice of counsel as to potential tax liability or otherwise refute the allegations of knowing or reckless acts (see State of New York ex rel. Edelweiss Fund, LLC v JP Morgan Chase & Co., 189 AD3d 723, 724-725; State of New York, City of New York, ex rel. Campagna v Post Integrations, Inc., 162 AD3d at 593).
Contrary to the determination of the Supreme Court, the defendants did not establish their entitlement to dismissal of the complaint pursuant to CPLR 3211(a) based upon the "public disclosure bar" (see State Finance Law § 190[9][b]). Pursuant to State Finance Law § 190(9)(b), a qui tam action shall be dismissed where "substantially the same allegations or transactions as alleged in the action were publicly disclosed." Public disclosure, as it relates to the public disclosure bar, may occur in "a state or local government criminal, civil, or administrative hearing in which the state or a local government or its agent is a party," "in a federal, New York state or New York local government report, hearing, audit, or investigation that is made on the public record or disseminated broadly to the general public," or "in the news media" (id. § 190[9][b][i]-[iii]). Here, the plaintiff, alleging that the action was not barred by the public disclosure bar, relied, in part, upon pages on the defendants' website, as well as order confirmations of purchases made by the plaintiff online and via telephone from the defendants and the websites of the defendants' recommended installers. The communications between the defendants' counsel and the NYSDTF and the pages from the defendants' website do not set forth substantially the same allegations or transactions as alleged in this action (see id. § 190[9][b][ii], [iii]). Further, news or academic articles as to the general issue of state taxation of online sellers, by themselves, are not sufficient for the public disclosure bar to apply (see id. § 190[9][b][iii]). Under these circumstances, the defendants were not entitled to dismissal of the complaint based upon the public disclosure bar (see Phone Admin. Servs. Inc. v Verizon N.Y., Inc., 211 AD3d 493, 494).
The defendants' contention regarding an interpretation of State Finance Law § 189 is improperly raised for the first time on appeal (see Tesoriero v Brinckerhoff Park, LLC, 126 AD3d 782, 784; Davis-Hassan v Siad, 101 AD3d 932, 933) and, in any event, is without merit. A cause of action pursuant to State Finance Law § 189(1)(g) may be brought against a party that did not file a tax document with New York State (see State of New York, City of New York, ex rel. Campagna v Post Integrations, Inc., 162 AD3d at 592). Moreover, a cause of action may be brought against a party who, as alleged here, "knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state or a local government, or conspires to do the same" (State Finance Law § 189[1][h]).
In light of our determination, we need not reach the plaintiff's remaining contention.
Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court