■ MIRIAM FORTEAU et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents. [601 NYS2d 120] —Order of the Supreme Court, Bronx County (Hansel McGee, J.), entered on or about October 1, 1992, which granted defendants' motion for a change of venue from Bronx County to Westchester County, unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion denied, without costs.

In this personal injury action, plaintiffs allege that, while standing in a safety zone at the intersection of 192nd Street and Valentine Avenue, Bronx County, they were struck by a bus operated by defendant Liberty Lines Transit, Inc. Al-

though the summons states that the action was commenced in Bronx County based upon the situs of the accident, it also states that plaintiffs are residents of Bronx County, a valid basis for the chosen venue (CPLR 503 [a]).

Defendants moved to change venue to Westchester County predicated solely on the presence of the County as a party defendant pursuant to CPLR 504 (1). It appears from the complaint that title to the bus involved in the accident is held by the County, which leases the vehicle to defendant Liberty Lines Transit. These allegations are not denied in the answer and, thus, are deemed admitted (CPLR 3018 [a]). The record is otherwise devoid of any information regarding the involvement of the County in the operation of either the vehicle or of defendant Liberty Lines. Nor does the record contain any details of the lease for the subject vehicle, including insurance requirements and indemnification provisions.

Defendants contend that CPLR 504 (1) must be strictly applied to place venue in Westchester because the County is named as a defendant. Defendants otherwise supply no facts to indicate that the County is present in this lawsuit as any more than a nominal defendant. For purposes of liability (Vehicle and Traffic Law § 388 [1], [3]) both the County and Liberty Lines Transit are considered to be an "owner" of the vehicle involved in the accident, a term which extends to "any lessee or bailee of a motor vehicle * * * having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days" (Vehicle and Traffic Law § 128).

But for the asserted mandate of CPLR 504 (1), it is clear that venue in this transitory action lies in Bronx County (Katz v Goodyear Tire & Rubber Co., 116 AD2d 506, 507). It is the county in which plaintiffs reside (CPLR 503 [a]) and in which the accident took place. Plaintiffs received hospital treatment and sought follow-up medical care from doctors having their offices there. The accident was investigated by officers from the 52nd Police Precinct, and members of the New York City Emergency Medical Service stationed in Bronx County responded to transport plaintiffs to the hospital. Therefore, the convenience of material nonparty witnesses will not be promoted by a change of venue to Westchester County (CPLR 510 [3]).

CPLR 504 (1) was enacted for the convenience of a county and, were the County of Westchester shown to be actively involved in the defense of this action, this Court would be inclined to apply the statute to its benefit. However, without reference to the terms of the lease, which is not included in

the record on appeal, there is no basis upon which to determine that the County will bear any monetary loss for plaintiffs' injuries. We note that while defendants' brief recites that "defendants herein have conceded liability, thus, alleviating the need for plaintiffs' liability witnesses to testify", nothing in the record suggests that the County has made this admission or any other. As the statute exists for the benefit of the County, not the other defendants, and as there is no indication that the County will be materially involved in this litigation, we conclude that, on the basis of the record before us, the change of venue to Westchester County was inappropriate. Concur—Milonas, J. P., Rosenberger, Rubin and Nardelli, JJ.