■ ANTHONY W. LEDERER, Respondent, v JOHN W. KING et al., Appellants. [625 NYS2d 149] —Judgment, Supreme Court, New York County (Carol Arber, J., and a jury), entered January 27, 1994, in favor of plaintiff and against both defendants in the amount of $91,327.25, including interest from June 3, 1987, and in favor of plaintiff and against the individual defendant in the additional amount of $5,912.16, including interest from May 4, 1990, unanimously affirmed, with costs.

Plaintiff was not required to plead or prove fraud in order to pierce the corporate defendant's corporate veil, but only that the individual defendant's control of the corporate defendant was used to perpetrate a wrongful or unjust act toward plaintiff *(see, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141). Nor does the Statute of Frauds avail the individual defendant against his promise to be primarily responsible for legal fees earned by plaintiff in servicing the corporate defendant *(see, Paribas Props. v Benson,* 146 AD2d 522, 525-526, citing *Slavenburg Corp. v Rudes,* 86 AD2d 517, 518). Plaintiff was properly awarded interest, which was set at an appropriate intermediate date pursuant to CPLR 5001 (b), since an attempt to pierce the corporate veil does not constitute a cause of action independent of the action against the corporation *(Matter of Morris v New York State Dept. of Taxation & Fin., supra,* at 141), and, with the exception of an attorney's retaining and charging lien, the rendition of services by an attorney gives rise to a contract claim, express or implied, by the attorney against the client *(People v Keeffe,* 50 NY2d 149, 155). Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Williams, JJ.