■ Moyses Garces, Appellant, v City of New York et al., Respondents. [877 NYS2d 12]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered January 10, 2008, which, in an action against the City and two police officers for, inter alia, false arrest and imprisonment, malicious prosecution, assault and battery and violation of civil rights, granted defendants' motion to change venue from Bronx County to Queens County, unanimously affirmed, without costs.

The action was properly transferred to Queens County where plaintiff was arrested, initially incarcerated and prosecuted. CPLR 504 (3), which provides that the place of trial in an action against the City shall be in the county within the City where the cause of action arose, "should be complied with absent compelling countervailing circumstances" (*Rose v Grow-Perini*, 271 AD2d 210, 211 [2000]). We also reject plaintiff's contention that Bronx County is a proper venue by reason of his one-day detention at its Rikers Island facility. Alternatively, transfer was proper as a matter of discretion pursuant to CPLR 510. Concur—Saxe, J.P., Friedman, Sweeny, Renwick and Freedman, JJ. [*See* 18 Misc 3d 1111(A), 2008 NY Slip Op 50005(U).]