■ ROTH LAW FIRM, PLLC, Respondent, v STEVEN BRETT SANDS et al., Appellants. [920 NYS2d 72]—

Plaintiff's failure to comply with the letter of engagement rule (22 NYCRR 1215.1) does not preclude it from seeking recovery of legal fees under such theories as services rendered, quantum meruit, and account stated (*see Miller v Nadler*, 60 AD3d 499 [2009]).

Plaintiff failed to establish its entitlement to recovery based on an account stated. Its invoices were addressed to a variety of entities and individuals; in many cases, the addressees in a given matter changed from month to month. Plaintiff asserts that the invoices were addressed thus at the direction of defendants. Notwithstanding, the statements lack the regularity that is critical to establishing an account stated (*see Berkman Bottger & Rodd, LLP v Moriarty*, 58 AD3d 539, 539 [2009]). Moreover, plaintiff did not address its invoices to defendants regularly until two months after the termination of representation, and then the invoices were addressed to "Mr. Steven B. Sands & Mr. Martin S. Sands, c/o Laidlaw & Co., Ltd.," i.e., as corporate officers, rather than as individuals outside of their brokerage firm who may have agreed to be personally responsible for all legal fees (*see Brown Rudnick Berlack Israels LLP v Zelmanovitch*, 11 Misc 3d 1090[A], 2006 NY Slip Op 50800[U], *5-6 [2006]).

Viewing the evidence in a light most favorable to plaintiff, we find that issues of fact exist whether each defendant agreed to be jointly and severally liable for all legal fees generated in any matter in which he was personally named as a defendant (*see*

*Fulbright & Jaworski, LLP v Carucci*, 63 AD3d 487, 488-489 [2009]). Since any such agreement was not a guaranty or promise to answer for another's debt but a primary obligation, the statute of frauds does not avail defendants (*see Lederer v King*, 214 AD2d 354 [1995]; *Paribas Props. v Benson*, 146 AD2d 522, 524-525 [1989]).

We have considered defendants' argument that the complaint should be dismissed on account of plaintiff's unclean hands and find it without merit. Concur—Gonzalez, P.J., Friedman, Freedman and Román, JJ. ▌