TRIZECHAHN, INC., Respondent, v TIMBIL CHILLER MAINTENANCE CORP., Appellant, et al., Defendants. [937 NYS2d 586]—

Timbil failed to establish its entitlement to judgment as a matter of law in this action arising out of an explosion of a machine that provided air conditioning for plaintiff's building. Timbil was the service maintenance company charged with performing inspections of the machine pursuant to a contract with plaintiff. The record demonstrates that Timbil submitted the affidavit of its vice president stating that the overspeed trip test was performed during the winter maintenance inspection, as it was every year. However, defendant also submitted the transcript of that individual's deposition in which he admitted that he lacked personal knowledge of when Timbil last performed an overspeed trip test on plaintiff's machine before the

August 11, 2001 explosion at issue (*see* CPLR 3212 [b]). Defendant also attached the transcript of the deposition of plaintiff's assistant chief engineer, who said that the last annual inspection before August 2001 was performed in March 2000. In light of the foregoing, Timbil failed to show the absence of triable issues of fact and thus, denial of the motion was warranted "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Moreover, although Timbil submitted, in reply, affidavits from two servicemen who said they performed an overspeed trip test on November 8, 2000, a movant may not "remedy a fundamental deficiency in the moving papers by submitting evidentiary material with the reply" (*Ford v Weishaus*, 86 AD3d 421, 422 [2011] [internal quotation marks and citation omitted]).

The court properly declined to limit Timbil's liability to $22,200, which was the yearly contract price of the parties' agreement (*see* General Obligations Law § 5-323; *Melodee Lane Lingerie Co. v American Dist. Tel. Co.*, 18 NY2d 57, 69-70 [1966]). Concur—Gonzalez, P.J., Saxe, Moskowitz, Acosta and Freedman, JJ.