Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered November 7, 2011, which denied defendants’ motion to change the venue of this personal injury action from Bronx County to Nassau County, unanimously affirmed, without costs.
Plaintiff demonstrated that defendant corporation designated *595 Bronx County as the county in which its office is located in its certificate of incorporation, conclusively establishing defendant’s residence in that county for venue purposes (see CPLR 503 [c]; Memminger v Nelson Gardens, Inc., 14 AD3d 442, 443 [1st Dept 2005]). In opposition, defendants failed to meet their prima facie burden of establishing that plaintiffs venue designation was improper. The evidence submitted by defendants, copies of the police accident report and the cover letter from the Department of State (DOS) Division of Corporations used to forward the summons and complaint to the corporate defendant, was insufficient (see Garced v Clinton Arms Assoc., 58 AD3d 506, 509 [1st Dept 2009]). Notably, the cover letter merely states that the corporate defendant provided the Nassau County address for the forwarding of legal documents and does not state that the address serves as the corporate defendant’s principal office.
In their reply papers, defendants submitted evidence, in the form of an affidavit from the corporate defendant’s CEO, stating that the principal office has always been in Nassau County. We conclude that the affidavit was improperly submitted in reply, rather than with the motion-in-chief, since it served to address the deficiency noted above, rather than merely addressing plaintiffs argument (see e.g. Azzopardi v American Blower Corp,, 192 AD2d 453, 454 [1st Dept 1993]). In any event, the affidavit did not contradict the claim that the corporation listed Bronx County in its filings with the Secretary of State. The claim that the corporation’s actual principal office was in another county is of no moment since, for venue purposes, as long as the county designation in the certificate has not been amended, the corporation’s residence remains unchanged (see Marko v Culinary Inst. of Am., 245 AD2d 212 [1st Dept 1997]). We further note that defendants submitted no evidence to show that the corporate defendant effectuated any such change with the DOS prior to the commencement of this action, which is the applicable time period (see CPLR 503 [a]). Concur—Andidas, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.