■ The People of the State of New York, Respondent, v Samuel R. Brimmage, Also Known as Samuel Brimmage, Appellant. [977 NYS2d 663]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Renee A. White, J.), rendered on or about March 27, 2012, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Friedman, J.P., Renwick, Freedman and Feinman, JJ.

■ Edward Mulqueen, Respondent, v Christopher Live et al., Appellants. [975 NYS2d 665]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered January 14, 2013, which denied defendants' motion to change venue from Bronx County to Westchester County, unanimously affirmed, without costs.

Plaintiff was injured in a motor vehicle accident that occurred in Bronx County. He designated venue in Bronx County, based on the actual principal place of business of the corporate defendant, Down East Seafood. While designation of venue in the county in which a corporate defendant's principal place of business is located is proper (see Margolis v United Parcel Serv., Inc., 57 AD3d 371 [1st Dept 2008]), it has been held that, for venue purposes, the corporation's designation of a county as the location of its principal office in its certificate of incorporation is controlling (see Krochta v On Time Delivery Serv., Inc., 62 AD3d 579 [1st Dept 2009]; Conway v Gateway Assoc., 166 AD2d 388 [1st Dept 1990]).

Here, in support of their motion to change venue, defendants failed to submit a copy of Down East's certificate of incorporation, and submitted a print-out of information on file with the New York State Department of State, which supports plaintiff's allegation that its principal executive offices are located in Bronx County. Defendants could not "remedy a fundamental deficiency in the moving papers by submitting evidentiary material with the reply" (TrizecHahn, Inc. v Timbil Chiller Maintenance Corp., 92 AD3d 409, 410 [1st Dept 2012] [internal quotation marks omitted]; see Doyaga v Camelot Taxi Inc., 102 AD3d 594, 595 [1st Dept 2013]). Concur—Friedman, J.P., Renwick, Freedman and Feinman, JJ.