■ JAFFE ROSS & LIGHT, LLP, Appellant, v EZRA MANN, Respondent. [994 NYS2d 587]—

Order, Supreme Court, New York County (Cynthia Kern, J.), entered September 17, 2013, which, to the extent appealed from, upon reargument, granted defendant's motion for summary judgment dismissing plaintiff's claim to recover attorney's fees and expenses incurred in connection with an action in Bronx County, unanimously reversed, on the law, without costs, the motion denied, and the claim reinstated.

In support of its motion for summary judgment on an account stated theory, plaintiff law firm submitted invoices it sent, between 2006 and October 2011, addressed to defendant "Ezra Mann c/o Furniture Zone," at an address in Queens County, with respect to two lawsuits, one in Queens County in which defendant was sued individually and one in Bronx County in which defendant's business, nonparty Furniture World of Jerome Avenue, Inc., was the plaintiff. Each invoice set forth the services rendered, time spent, and billing rates, and indicated partial payments received. Defendant opposed and cross moved for summary judgment, averring that he never agreed to be personally responsible for attorney's fees incurred in connection with the Bronx matter, and that plaintiff agreed to take that matter on a contingency fee basis, accepting the lesser of its hourly rates or one third of any recovery.

Plaintiff established that defendant received the invoices for the work performed in both matters for an extended period, without objection, and made partial payment in both matters (*see Cohen Tauber Spievak & Wagner, LLP v Alnwick*, 33 AD3d 562 [1st Dept 2006], *lv dismissed* 8 NY3d 840 [2007]). Although addressing letters to an individual in care of a corporation may be indicative of an intent to deal with that person in his or her corporate capacity (*see Roth Law Firm, PLLC v Sands*, 82 AD3d 675 [1st Dept 2011]), such an inference is not warranted here

since plaintiff regularly addressed all of the invoices with respect to both matters to defendant in care of Furniture Zone, a corporation that was not a party to either lawsuit. Further, since defendant agreed to be personally responsible for the bills in the Queens lawsuit, there is no basis for inferring that invoices addressed to him in the exact same way with respect to the Bronx lawsuit were intended to be addressed to him in a corporate capacity.

Plaintiff's failure to comply with the letter of engagement rule (22 NYCRR 1215.1) does not preclude it from recovery of legal fees under a theory of account stated (*Roth Law Firm, PLLC*, 82 AD3d at 676; *see Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54, 62-64 [2d Dept 2007]). Concur—Friedman, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.