■ JULIE JACKSON, Respondent, v CITY OF NEW YORK et al., Defendants, and LIBERTY LINES TRANSIT, INC., et al., Appellants. BOUBACAR KEITA, Respondent, v WESTCHESTER COUNTY DEPARTMENT OF TRANSPORTATION et al., Appellants. STAVROS SOLA, Respondent, v CITY OF NEW YORK et al. Defendants, and COUNTY OF WESTCHESTER et al., Appellants. [9 NYS3d 12]—

Order, Supreme Court, Bronx County (Larry S. Schachner,

J.), entered August 7, 2014, which denied defendants Liberty Lines Transit Inc., Ciro Matarazzo, Westchester County Department of Transportation, and the County of Westchester's motion to change venue, unanimously affirmed, without costs.

Defendants' motion to change venue from Bronx County to Westchester County was untimely, and thus properly denied. Where a demand to change venue claiming the designation of an improper county is opposed by a plaintiff, any subsequent motion to transfer venue must be made within 15 days after service of the demand, in the county designated by plaintiff (CPLR 511 [b]). Here, after defendants' demand was opposed by two of the three plaintiffs in these joined actions, defendants improperly noticed their motion in Westchester County. After that motion was denied—approximately three months after service of the demand—defendants again moved to change venue, this time in Bronx County. However, that motion, "while made in the proper county . . . was brought more than 15 days after defendants filed their demand and the request for relief was thus untimely" (*Singh v Becher*, 249 AD2d 154, 154 [1st Dept 1998]).

Our ruling on the timeliness of defendants' motion to transfer venue obviates the need to determine whether Supreme Court providently exercised its discretion by denying the motion on its merits. Were we to reach the issue, we would conclude that the court's exercise of discretion was provident (*accord Forteau v County of Westchester*, 196 AD2d 440 [1st Dept 1993]). Concur—Acosta, J.P., Saxe, Moskowitz, Richter and Feinman, JJ.