**19** NANETTE BASDEN, Appellant, v LIBERTY LINES TRANSIT, INC., et al., Respondents. [37 NYS3d 890]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered September 15, 2015, which granted defendants' motion to change venue from Bronx County to Westchester County and referred plaintiff's cross motion for partial summary judgment on the issues of serious injury and liability to Westchester County, unanimously reversed, on the law, without costs, the motion denied and the cross motion granted to the extent of finding that plaintiff demonstrated that she suffered a serious injury within the meaning of Insurance Law § 5102 (d).

Plaintiff properly commenced this action against Westchester County and Liberty Lines in Bronx County, where she resides (CPLR 503 [a]), and defendants moved to change venue to Westchester County on the grounds that it is an action against that County (CPLR 504 [1]). While such motions are ordinarily granted in the absence of compelling countervailing circumstances (*see Garces v City of New York*, 60 AD3d 551 [1st Dept 2009]), in cases brought against defendants Liberty Lines and Westchester County, this Court has held that CPLR 504 (1) does not require a change of venue absent any showing that Westchester County is not merely a nominal party in the action (*see Forteau v County of Westchester*, 196 AD2d 440 [1st Dept 1993] [*Forteau I*]; *Forteau v County of Westchester*, 213 AD2d 257 [1st Dept 1995] [*Forteau II*]; *see also Jackson v City of New York*, 127 AD3d 552 [1st Dept 2015]). Notwithstanding this precedent, defendants submitted no evidence to make such a showing in support of the motion, and then improperly submitted an affidavit of a Senior County Attorney in reply in

an attempt to remedy the deficiency in the moving papers (*see Mulqueen v Live*, 111 AD3d 585 [1st Dept 2013]). However, even considering that affidavit, defendants' showing was insufficient since it was unsupported by any documentary evidence, such as the indemnification contract which could indicate "insurance requirements and indemnification provisions" (*Forteau I*, 196 AD2d at 441).

In support of her cross motion, plaintiff demonstrated prima facie that she suffered a fractured rib, which is a serious injury within the meaning of Insurance Law § 5102 (d). Defendants do not oppose that portion of plaintiff's appeal, which is therefore granted. The remainder of the cross motion, seeking partial summary judgment on the issue of liability, should be decided in the first instance by the Supreme Court. Concur— Mazzarelli, J.P., Acosta, Saxe, Moskowitz and Gesmer, JJ.