■ BP 399 PARK AVENUE LLC, Appellant, v PRET 399 PARK, INC., et al., Respondents. [55 NYS3d 168]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about August 1, 2016, which, insofar as appealed from, granted defendants' motion for summary judgment dismissing the second, fourth, and sixth causes of action as against defendant Pret A Manger (USA), Limited (Pret Parent), and denied plaintiff's cross motion for summary judgment on those causes of action and dismissing defendants' affirmative defenses, unanimously modified, on the law, to deny defendants' motion, and to grant plaintiff's motion as to the first, third, fourth, and fifth affirmative defenses and so much of the second affirmative defense as alleges waiver, and otherwise affirmed, without costs.

Plaintiff is the successor in interest to nonparty Citibank N.A., as landlord under a lease with defendant Pret 399 Park, Inc. (Pret 399)—a wholly owned subsidiary of Pret Parent—as tenant. Plaintiff is correct that Pret Parent was Pret 399's assignee by operation of law (*see Mann v Munch Brewery*, 225 NY 189, 193 [1919]). Defendants did not dispute that Pret Parent—as opposed to Pret 399—was the entity operating a café at the premises or that Pret Parent paid the rent (*see id.*). However, once Pret Parent surrendered possession of the premises, the privity of estate between it and plaintiff ceased to exist, and it no longer had to pay rent (*see id.* at 195). Plaintiff seeks rent only for the period after defendants surrendered possession. Thus, Pret Parent's liability depends on whether plaintiff can succeed on a theory of piercing the corporate veil of Pret 399.

To the extent the motion court required a showing of fraud to pierce the corporate veil, it erred (*see e.g. Lederer v King*, 214 AD2d 354 [1st Dept 1995]; *Baby Phat Holding Co., LLC v Kellwood Co.*, 123 AD3d 405, 407 [1st Dept 2014]). However, Pret Parent's decision that Pret 399 would stop paying rent and breach the lease constitutes wrongdoing sufficient to pierce the corporate veil (*see Simplicity Pattern Co. v Miami Tru-Color Off-Set Serv.*, 210 AD2d 24 [1st Dept 1994]). The court also erred to the extent it ruled that Pret Parent could not be held liable because it was not a signatory to the lease (*see A.W. Fiur Co. v Ataka & Co.*, 71 AD2d 370 [1st Dept 1979]).

In accordance with the foregoing, the first affirmative defense (failure to state a cause of action) and the fourth affirmative defense (the allegation that plaintiff's damages were caused solely by the acts and omissions of Pret 399, not by those of

Pret Parent) should be dismissed. As to the third affirmative defense (plaintiff's failure to mitigate its damages), plaintiff was under no obligation to relet, or attempt to relet, abandoned premises (*Holy Props. v Cole Prods.*, 87 NY2d 130 [1995]). The fifth affirmative defense, which alleges that the claims are barred because plaintiff has been compensated by a letter of credit provided under article 31 of the lease, should be dismissed, because the letter of credit does not cover all of the rent remaining until the expiration of the lease. Nothing in article 31 indicates that the letter of credit is plaintiff's sole remedy; on the contrary, section 17.1 (B) says that in the event of a breach by the tenant, the landlord has "the right to invoke any other remedy allowed by law or in equity."

The court correctly denied plaintiff's cross motion for summary judgment on its claims against Pret Parent. The affidavit that defendants submitted in reply on their motion and in opposition to plaintiff's cross motion—which should be disregarded on the motion (*see e.g. TrizecHahn, Inc. v Timbil Chiller Maintenance Corp.*, 92 AD3d 409, 410 [1st Dept 2012]) but may be considered in opposition to the cross motion—raises a triable issue of fact as to whether Citibank (plaintiff's predecessor) knew that it was contracting with an assetless entity (Pret 399) and could not recover against Pret Parent (*see e.g. Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC*, 146 AD3d 1, 12-13 [1st Dept 2016]).

For the same reason, the court correctly refused to dismiss so much of the second affirmative defense as alleges estoppel; the affidavit raises a triable issue of fact as to whether Citibank received a benefit (a larger than usual security deposit) in exchange for entering into a lease with an assetless entity. However, so much of the defense as alleges waiver should be dismissed since defendants submitted no evidence of Citibank's intent, such as an affidavit or deposition testimony by a Citibank employee, to relinquish its right to pursue Pret Parent (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]). Concur—Sweeny, J.P., Renwick, Andrias, Feinman and Gesmer, JJ.