Weil v Newton (2022 NY Slip Op 07038)

Weil v Newton

2022 NY Slip Op 07038

Decided on December 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 13, 2022

Before: Renwick, J.P., Kapnick, Oing, Moulton, Higgitt, JJ. 

Index No. 153576/19 Appeal No. 16873-16874 Case No. 2022-01386, 2022-01387 

[*1]Bonnie E. Weil, Plaintiff-Respondent,
v
Michael F. Newton, Defendant-Appellant.

Michael F. Newton, appellant pro se.
Mark L. Lubelsky and Associates, New York (Mark Lubelsky of counsel), for respondent.

Judgment, Supreme Court, New York County (W. Franc Perry, J.), entered October 12, 2021, in favor of plaintiff and against defendant in the total amount of $61,954.79, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about September 9, 2021, which granted plaintiff's motion for summary judgment on her claim for an account stated, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
As a preliminary matter, we find that defendant's appeal is timely. Defendant timely filed notices of appeal from the order and judgment on the days following the deadlines, which fell on court holidays (see General Construction Law § 25-a[1]).
Plaintiff demonstrated her entitlement to summary judgment on her account stated claim by submission of evidence that she sent invoices to defendant, and that he retained them without objection and promised to make payment (see Anderson Kill, P.C. v Board of Mgrs. of Honto 88 Condominium, 192 AD3d 551, 551 [1st Dept 2021]). Plaintiff submitted form invoices for defendant's marital therapy sessions dated between March and May 2017, and a handwritten summary bill that provides a complete accounting of sessions provided and payments made, from the end of May 2017 through February 2018, and states the total owed as $50,000. Defendant conceded that those bills were delivered to him on October 18, 2018, or earlier, and submitted no evidence that he ever objected to them. Plaintiff also submitted a text message from defendant to plaintiff's counsel dated March 27, 2019, in which defendant "acknowledge[d]" that he had "an out[s]tanding bill owed to [plaintiff] in the sum of $50,000.00 for marital therapy" and "commit[ted] to pay her."
Defendant's argument that plaintiff did not provide invoices consistently or contemporaneously with the services is insufficient to defeat summary judgment based on the invoices, summary bill, and text message in the record. Defendant's claim is unsupported by any evidence that the way he received invoices was inconsistent with plaintiff's business practice or with a billing arrangement agreed-to by the parties (cf. Roth Law Firm, PLLC v Sands, 82 AD3d 675, 676 [1st Dept 2011]; Berkman Bottger & Rodd, LLP v Moriarty, 58 AD3d 539, 539 [1st Dept 2009]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 13, 2022