Rich v J.A. Madison, LLC (2022 NY Slip Op 07524)

Rich v J.A. Madison, LLC

2022 NY Slip Op 07524

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Moulton, Mendez, JJ. 

Index No. 150305/18 Appeal No. 17015 Case No. 2021-02900 

[*1]George Rich, et al., Plaintiffs-Respondents,
v
J.A. Madison, LLC, et al., Defendants-Appellants.

Kaplan Levenson P.C., New York (Steven M. Kaplan of counsel), for appellants.
Goodfarb & Sandercock, LLP, New York (Elizabeth Sandercock of counsel), for respondents.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered July 9, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment on its breach of contract claim against defendant J.A. Madison LLC and denied defendants' cross motion for summary judgment dismissing the complaint as against defendant Jonathan Adler Enterprises, LLC (JAE), unanimously affirmed, without costs.
The court correctly granted plaintiffs summary judgment on their breach of contract claim against J.A. Madison. Contrary to defendants' contention, the consulting agreement between plaintiffs and J.A. Madison was supported by consideration, namely plaintiffs' assignment of their lease to J.A. Madison. Although the lease assignment was executed prior to the consulting agreement, the two agreements were executed at substantially the same time and were part of the same transaction, and therefore "are regarded as contemporaneous writings and must be read together as one" (1471 Second Corp. v NAT of NY Corp., 162 AD3d 449, 450 [1st Dept 2018]).
Defendants' cross motion for summary judgment dismissing the complaint as against JAE was correctly denied. Plaintiffs raised issues of fact as to whether JAE, the parent company of J.A. Madison, dominated J.A. Madison with respect to the transaction so as to justify piercing the corporate veil to hold JAE liable for J.A. Madison's breach of the consulting agreement (see Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC, 146 AD3d 1, 12 [1st Dept 2016], affd 31 NY3d 1002 [2018]; BP 399 Park Ave. LLC v Pret 399 Park, Inc., 150 AD3d 507, 508 [1st Dept 2017]). Plaintiffs pointed out that JAE paid all of J.A. Madison's debts under the consulting agreement; J.A. Madison never had its own bank account and was dissolved while this action was pending; the two companies occupied the same offices and had overlapping personnel, including the companies' president and controller; and plaintiffs communicated with these two individuals in negotiating the contracts and in addressing the late payments under the consulting agreement. These factors, taken together, at the very least, raised an issue of fact as to whether J.A. Madison was JAE's alter ego (see Fern, Inc. v Adjmi, 197 AD2d 444, 445 [1st Dept 1993]; see also Fantazia Intl. Corp. v CPL Furs N.Y., Inc. 67 AD3d 511, 512 [1st Dept 2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022