245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC (2024 NY Slip Op 00368)

245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC

2024 NY Slip Op 00368

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Webber, J.P., González, Shulman, Pitt-Burke, JJ. 

Index No. 651004/22 Appeal No. 1547 Case No. 2023-04598 

[*1]245 E. 19 Realty LLC, Plaintiff-Respondent-Appellant,
v
245 E. 19th Street Parking LLC et al., Defendants-Appellants-Respondents, HPS Investment Partners, LLC, et al., Defendants-Respondents, John Does 1-20, Defendants.

Pillsbury Winthrop Shaw Pittman LLP, New York (James M. Catterson of counsel), for appellants-respondents.
Rosenberg & Estis, P.C., New York (Jake W. Bedor of counsel), for respondent-appellant.
Mololamken LLP, New York (Justin M. Ellis of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about September 7, 2023, which, insofar as appealed from as limited by the briefs, granted defendants HPS Investment Partners, LLC, AP Mezzanine Partners II, L.P., Offshore Mezzanine Partners Master Fund II, L.P., Institutional Mezzanine Partners II Subsidiary, L.P., Jeffrey Fitts, and Scot French's motion to dismiss the complaint, and denied defendants 245 E. 19th Street Parking LLC and Icon Parking Holdings, LLC's motion to dismiss as to the alter ego/veil-piercing, fraudulent conveyance, and declaratory judgment claims against them and the tortious interference with contract and unjust enrichment claims against Icon Parking Holdings, LLC, unanimously modified, on the law, to grant 245 E. 19th Street Parking LLC and Icon Parking Holdings, LLC's motion to dismiss as to the alter ego/veil-piercing and declaratory judgment claims against them, and otherwise affirmed, without costs.
Plaintiff is the owner of a parking garage. Defendant 245 E. 19th Street Parking LLC (Tenant) leased the garage and operated it under the brand of defendant Icon Parking Holdings, LLC (Icon) (collectively, Icon defendants). Defendant HPS Investment Partners, LLC (HPS) is a private equity firm that owns (directly or indirectly) shares of Icon. Defendants Jeffrey Fitts and Scot French are individual members and executives of HPS, and defendants AP Mezzanine Partners II, L.P., Offshore Mezzanine Partners Master Fund II, L.P., Institutional Mezzanine Partners II Subsidiary, L.P., are investment funds controlled by HPS (collectively, HPS defendants).
Plaintiff alleges that after the onset of the Covid-19 pandemic, HPS, Icon, and Icon garage tenants (including Tenant) conspired to divert garage revenue from Icon garage landlords (including plaintiff) by, without their knowledge, "daily sweeping all revenue collected" by the tenants into an Icon-controlled master account and not paying any of it as rent, even if there was sufficient revenue to do so.
The alter ego/veil-piercing claims against the Icon defendants should have been dismissed, as there is no independent cause of action for veil-piercing (see Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167, 174 [1st Dept 2013]). However, veil-piercing may nonetheless be appropriate as to these defendants. Plaintiff sufficiently alleged that Icon dominated Tenant with respect to the transaction attacked, disregarding corporate formalities and intermingling funds by transferring all of Tenant's revenue to itself each day (see RPH Hotels 51st St. Owner, LLC v Icon Parking Holdings, LLC, 2023 NY Slip Op 31370[U], *7-9 [Sup Ct, NY County 2023]). Plaintiff also sufficiently alleged that Icon's domination of Tenant was used to commit a wrong against it — i.e., that Icon transferred all of Tenant's revenue to itself each day, rendering Tenant unable to pay rent and then intentionally declining to use that revenue to pay rent on Tenant's behalf (see BP 399 Park [*2]Ave. LLC v Pret 399 Park, Inc., 150 AD3d 507, 508 [1st Dept 2017]). It is not dispositive that centralized cash management systems are commonplace or that the subject system was already in existence prior to the rent nonpayment scheme, as even if the system was not itself fraudulent, plaintiff alleged that Icon took advantage of it to perpetuate a fraud (see RPH Hotels, 2023 NY Slip Op 31370[U], *8-10). The Icon defendants' reliance on Park Armory LLC v Icon Parking Sys. LLC is misplaced, as that case involved conclusory allegations of control and did not involve allegations that Icon swept money from the tenant garage into a bank account, rendering it insolvent and unable to pay rent (see 203 AD3d 442 [1st Dept 2022]; see also RPH Hotels, 2023 NY Slip Op 31370[U], *9-10).
The fraudulent conveyance claim against Icon was correctly sustained. Plaintiff sufficiently alleged that Tenant did not receive fair consideration for transferring its total revenue to Icon each day, establishing a constructive fraudulent conveyance (see Debtor and Creditor Law § 273[a][2]). While Icon was supposed to provide management and administrative services in exchange for these transfers, including paying Tenant's bills, plaintiff alleged that Icon stopped paying Tenant's rent (see RPH Hotels, 2023 NY Slip Op 31370[U], *10-11). Plaintiff also sufficiently alleged badges of fraud raising an inference of actual intent to defraud, establishing an actual fraudulent conveyance (see Debtor and Creditor Law § 273[a][1], [b]). Plaintiff alleged that the transfers were made to an insider (Icon), were concealed from plaintiff, were of substantially all of Tenant's assets, were made without receiving reasonably equivalent value in exchange, and rendered Tenant insolvent (see RPH Hotels, 2023 NY Slip Op 31370[U], *11).
The tortious interference with contract claims against Icon were correctly sustained. Plaintiff sufficiently alleged that Icon intentionally caused Tenant to breach its lease by not paying rent that Tenant would otherwise have paid (see generally Burrowes v Combs, 25 AD3d 370, 373 [1st Dept 2006], lv denied 7 NY3d 704 [2006]).
The unjust enrichment claim against Icon was correctly sustained. Icon's failure to pay rent on behalf of Tenant resulted in its enrichment at plaintiff's expense insofar as Tenant was contractually obligated to pay rent to plaintiff and Icon had all of Tenant's money. This is not a case, like the one on which the Icon defendants rely, in which the plaintiff had no entitlement to the funds at issue (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]). The unjust enrichment claim against Icon is not duplicative of the breach of contract claim against Tenant, as Icon was not a party to any contract governing the subject matter at issue (see generally id. at 142) — although this may not be the case if veil-piercing is ultimately found to be appropriate.
The declaratory judgment claim against the Icon defendants should, [*3]however, have been dismissed because full and adequate relief may be provided by the breach of contract and alter ego/veil-piercing claims (see Colfin SNP-1 Funding, LLC v Security Natl. Props. Servicing Co., LLC, 199 AD3d 406, 407 [1st Dept 2021]; Automated Ticket Sys. v Quinn, 90 AD2d 738, 739 [1st Dept 1982], affd 58 NY2d 949 [1983]).
The fraudulent conveyance claim against the HPS defendants was correctly dismissed. Plaintiff's allegations that Icon was controlled by HPS and that monies collected by Icon from Tenant were subsequently transferred to the HPS defendants are conclusory and entirely made upon information and belief, and are contradicted by the very affidavits plaintiff relies on (see Carlyle, LLC v Quik Park 1633 Garage LLC, 160 AD3d 476, 477 [1st Dept 2018]; Securities Inv. Protection Corp. v Bernard L. Madoff Inv. Sec. LLC, 531 BR 439, 473 [Bankr SD NY 2015]; Matter of Dreier LLP, 452 BR 451, 464-465 [Bankr SD NY 2011]). The liens made by HPS to Icon and Tenant (which were filed several months after the alleged fraudulent scheme began) are not, in and of themselves, evidence of control or of any subsequent transfer. Plaintiff's argument that the liens themselves constitute fraudulent conveyances is not properly considered because it is factual in nature and raised for the first time on appeal.
The unjust enrichment claim against the HPS defendants was correctly dismissed. As explained above, plaintiff has not sufficiently alleged that the HPS defendants received any of Tenant's funds. Plaintiff has also not alleged any facts suggesting that there is any relationship at all between itself and the HPS defendants (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]; Schroeder v Pinterest Inc., 133 AD3d 12, 27 [1st Dept 2015]). This is not a case, like the ones on which plaintiff relies, in which a party "knowingly receive[d] . . . proceeds of criminal wrongdoing," obviating the need for a showing of a close relationship (Metropolitan Bank & Trust Co. v Lopez, 189 AD3d 443, 445 [1st Dept 2020]; see also Avilon Automotive Group v Leontiev, 194 AD3d 537, 538 [1st Dept 2021]).
The tortious interference with contract claim against the HPS defendants was correctly dismissed. Plaintiff's allegations that the HPS defendants directed the nonpayment of rent are conclusory, based on information and belief, and contradicted by affidavits indicating that the HPS defendants held only a minority interest in Icon (see 57th St. Arts, LLC v Calvary Baptist Church, 52 AD3d 425, 426 [1st Dept 2008]).
The alter ego/veil-piercing claims against the HPS defendants were properly dismissed. As previously noted, there is no independent cause of action for veil-piercing. Moreover, plaintiff's allegations of domination and control by the HPS defendants are conclusory and based on information and belief (see 501 Fifth Ave. Co. LLC v Alvona LLC, 110 AD3d 494, 494 [1st Dept 2013]).
The de facto merger claim against the HPS defendants was correctly [*4]dismissed. Plaintiff has not alleged most of the hallmarks of a de facto merger, or even the occurrence of an acquisition (see generally Fitzgerald v Fahnestock & Co., 286 AD2d 573, 574 [1st Dept 2001]).
The declaratory judgment claim against the HPS defendants was properly dismissed for the same reasons as stated above.
The motion court did not improvidently exercise its discretion in declining to award plaintiff discovery under CPLR 3211(d) — specifically, regarding "whether the HPS Defendants received any funds from Icon and Tenant; what benefit, if any, Tenant and Icon received from the Fraudulent Liens and Sham Notes; and the extent to which the HPS Defendants played a role in determining that Tenant stop paying its rent." Plaintiff already has affidavits from representatives of Icon and HPS addressing at least the first two issues (not in its favor) and suggesting that the HPS defendants had an insufficient equity stake in Icon to direct anything, let alone nonpayment of rent (see Cruz v City of New York, 210 AD3d 523, 525 [1st Dept 2022]). An "unsubstantiated hope that discovery and time will help salvage [plaintiff's] claims" is an insufficient basis for CPLR 3211(d) discovery (see Freeman v Brecher, 155 AD3d 453, 454 [1st Dept 2017]).
Because of our disposition of these issues, we need not reach the HPS defendants' arguments with respect to the individual liability of Fitts and French and whether the unjust enrichment claim is duplicative.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024