Tokayer v Kosher Sports, Inc. (2024 NY Slip Op 03100)

Tokayer v Kosher Sports, Inc.

2024 NY Slip Op 03100

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Webber, J.P., Oing, Kapnick, Rosado, Michael, JJ. 

Index No. 157471/16 Appeal No. 2454 Case No. 2023-04909 

[*1]Ira Daniel Tokayer, Plaintiff-Appellant,
v
Kosher Sports, Inc., Defendant, Jonathan Katz, Defendant-Respondent.

Law Offices of Daniel M. Hartman, New Rochelle (Daniel M. Hartman of counsel), for appellant.
Law Offices of Michael M. Cohen, Wesley Hills (Michael M. Cohen of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about April 4, 2023, which, after a nonjury trial, dismissed the complaint as against defendant Jonathan Katz, unanimously affirmed, without costs.
We affirm dismissal of the breach of contract claim, but on different grounds; namely, that the claim is barred by the statute of frauds. The unpaid legal fees at issue — for which plaintiff claims Katz agreed to be personally liable — were incurred in connection with plaintiff's representation of defendant Kosher Sports, Inc. (KSI) in the Queens Ballpark Company, LLC (QBC) action. On appeal, even plaintiff characterizes this case as an effort to enforce an agreement "to pay for legal services provided to another," namely, KSI. General Obligations Law § 5-701 (a)(2) requires that any "promise to answer for the debt . . . of another" be in writing and signed by the party to be charged therewith; however, plaintiff never produced a retainer agreement signed by Katz (see Parma Tile Mosaic & Marble Co. v Estate of Short, 87 NY2d 524, 527 [1996]; Rosenheck v Calcam Assoc., 233 AD2d 553, 554 [3d Dept 1996]). While plaintiff claims that this case does not involve an agreement to answer for the debt of another, and instead concerns an "original and primary" obligation owed to him by Katz, but the cases he cites in support are inapposite, either because they involved express acknowledgements by defendants that their obligations were "joint and several," a factor absent from this case (Paribas Props. v Benson, 146 AD2d 522 [1st Dept 1989]; see also Roth Law Firm, PLLC v Sands, 82 AD3d 675 [1st Dept 2011]), or veil-piercing allegations, also not present here (see Lederer v King, 214 AD2d 354 [1st Dept 1995]).
Plaintiff's argument, in the alternative, that if the statute of frauds applies it was satisfied by other writings, is unavailing. Plaintiff refers to a $3,000 check Katz signed, payable to plaintiff, which stated "retainer agreement" in the memo line. However, the check was written on KSI's account, not Katz's personal account. Plaintiff also cites Katz's emails to him, written over the course of the QBC action, yet fails to address the trial court's point that none of the emails show that Katz agreed to be liable for legal fees incurred in connection with plaintiff's work on behalf of KSI. Plaintiff avers that, in general, an unsigned retainer agreement can be enforceable, but this general proposition is not probative of the specific issue here, i.e., Katz's exposure for legal fees in connection with services rendered to KSI.
Even if Katz had signed the retainer agreement, or whether upon application of the missing witness rule, it could be inferred that he did (e.g. Matter of Nassau Co. Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]), we would still affirm, as the retainer agreement, which included a single signature line for Katz, is inadequate for purposes of imposing personal liability upon him (cf. Summit Solomon[*2]& Feldesman v Matalon, 216 AD2d 91, 91 [1st Dept 1995], lv denied 86 NY2d 711 [1995]); see also Salzman Sign Co. v Beck, 10 NY2d 63, 67 [1961]; Epstein Becker & Green, P.C. v Amersino Mktg. Group, LLC, 111 AD3d 428, 429 [1st Dept 2013]). We further note that the retainer agreement was addressed to Jonathan Katz/Kosher Sports, Inc. (cf. Mintz & Gold LLP v Daibes, 125 AD3d 488, 489 [1st Dept 2015]).
Supreme Court correctly dismissed the account stated claim because plaintiff failed to demonstrate "the existence of some indebtedness" owed to him from Katz (Martin H. Bauman Assoc. v H & M Intl. Transp., 171 AD2d 479, 485 [1st Dept 1991]). Contrary to plaintiff's assertions, the bills at issue do not support the imposition of personal liability upon Katz under an account stated theory, having been sent to "Mr. Jonathan Katz/Kosher Sports Inc.," with accompanying time records similarly stating: "Invoice submitted to: Jonathan Katz/Kosher Sports, Inc."
Finally, Supreme Court properly dismissed the quantum meruit claim. Under the circumstances, plaintiff did not have a "reasonable expectation of being compensated" by Katz personally (American-European Art Assoc. v Trend Galleries, 227 AD2d 170, 171 [1st Dept 1996]; see Martin H. Bauman Assoc., 171 AD2d at 484]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024