## DataArt Solutions, Inc. v Exos Fin. LLC

### 2026 NY Slip Op 30806(U)

### March 9, 2026

### Supreme Court, New York County

### Docket Number: Index No. 652640/2025

### Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

DATAART SOLUTIONS, INC.

                              Plaintiff,

                  - v -

EXOS FINANCIAL LLC,

                          Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652640/2025 |
| **MOTION DATE** | 07/23/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 68

were read on this motion to/for                      DISMISSAL             .

Upon the foregoing documents, (i) the branch of DataArt Solutions, Inc. (**DataArt**)'s motion

(Mtn. Seq. No. 001) for summary judgment is GRANTED, and (ii) the branch of DataArt's

motion seeking sanctions against Exos is DENIED.

### THE RELEVANT FACTS AND CIRCUMSTANCES

Reference is made to (i) a certain master service agreement (the **MSA**; NYSCEF Doc. No. 28),

dated August 6, 2019, by and between Exos and DataArt, (ii) a certain statement of work (the

**SOW**; NYSCEF Doc. No. 29), dated August 6, 2019, by and between Exos and DataArt (the

MSA and the SOW, hereinafter collectively, the **Agreement**), (iii) ten unpaid invoices

(NYSCEF Doc. Nos. 32-41; the **Unpaid Invoices**) and (iv) a certain letter of understanding (the

**LOU**; NYSCEF Doc. No. 42), dated June 11, 2024, by and between Exos, Reimagine

Technology Holdings LLC, Claira Inc., Loan Hunter Holdings LLC, and DataArt.

From 2019 onward, DataArt rendered services to Exos and provided it with monthly invoices (NYSCEF Doc. No. 27 ¶¶ 10, 13). In May 2023, Exos stopped paying DataArt's invoices (*id.* ¶ 16). As of February 2, 2024, Exos failed to pay the entire balance on the Unpaid Invoices, which amounted to $3,230,112.70 (*id.* ¶¶ 17-18; *see* NYSCEF Doc. Nos. 32-41; *see also* NYSCEF Doc. No. 42 at 1).

Pursuant to the terms of the LOU, Exos confirmed that it received the invoices for the services provided ***through*** January 21, 2024, that those invoices were accepted, and that Exos has no claim related to quality and the categorization of the Services provided and invoiced:

> • Client confirms it has received invoices for all Services provided by DataArt through January 31st, 2024, as represented in February 1st, 2024, invoice (Appendix A) issued by DataArt under the Client SOW and categorized above. All invoices have been accepted and the Client has no claims related to quality and categorization of the Services provided and invoiced.

(NYSCEF Doc. No. 42 at 1).

On April 28, 2025, DataArt commenced this action by filing the Verified Complaint (NYSCEF Doc. No. 1), asserting (i) a breach of contract claim alleging that Exos breached the MSA and SOW by failing to pay the $2,223,014.50 owed to DataArt, and (ii) an account stated claim seeking at least $2,223,014.50 plus pre-judgment interest (*id.* ¶¶ 70-81). On July 3, 2025, Exos filed its Verified Answer and Counterclaims (NYSCEF Doc. No. 20), asserting counterclaims for breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment (*id.* ¶¶ 37-69). Exos later withdrew its counterclaims with prejudice (NYSCEF Doc. No. 75).

## DISCUSSION

652640/2025 DATAART SOLUTIONS, INC. vs. EXOS FINANCIAL LLC
Motion No. 001

Page 2 of 6

2 of 6

[* 2]

### I.    The Branch of DataArt's Motion for Summary Judgment

On a motion for summary judgment, the movant must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issue of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Failure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (*id.*). Once this showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form to establish the existence of material issues of fact requiring trial (*id.*).

An account stated is an agreement between the parties to an account based upon prior transactions between them with respect to the correctness of the separate items composing the account and balance due (*Chisholm-Ryder Co. v Sommer Sommer*, 70 AD2d 429 [1980]). To establish an account stated claim, a plaintiff need only establish that it sent invoices to a defendant and that the defendant retained them without objection (*Weil v Newton*, 211 AD3d 516, 516 [1st Dept 2022]; *Unisol, Inc. v Kidron*, 180 AD3d 570, 571 [1st Dept 2020]). Exos concedes that it received the Unpaid Invoices, which set forth the amounts due under each invoice (NYSCEF Doc. No. 43 ¶¶ 19, 24, 28, 32, 36, 40, 44, 48, 52, 56) and acknowledged in the LOU that there was no objection to the invoices and that it owed DataArt a total of $2,223,014.50 (NYSCEF Doc. No. 42 at 1-2). As such, DataArt has met is prima facie burden of entitlement to summary judgment.

In its opposition papers, Exos argues that (i) there were objections to the invoices and (ii) the LOU contemplates Exos receiving a discount which it did not receive. The arguments fail. The

652640/2025   DATAART SOLUTIONS, INC. vs. EXOS FINANCIAL LLC
Motion No. 001

Page 3 of 6

3 of 6

only evidence of objections predate the LOU in which they agreed that the amounts due set forth in the invoices were owed. The LOU did not reserve rights including any right of offset. The LOU also does not require DataArt to provide it with a discount. The LOU actually only says that the parties confirm that Exos has made a proposal to resolve the amounts due and that DataArt and Exos would discuss separately potential payment terms in good faith after a 4 month pause in collections starting as of May 15, 2024 including a discount:

> … DataArt and Client confirm that Client has made a proposal to resolve these amounts and DataArt and Client have agreed that the payment terms, including the amount, a payment schedule, and the discount to be applied to this calculated balance are to be discussed separately with DataArt and negotiated in good faith after a 4 month pause in collections, starting May 15, 2024, or, if earlier, until Client obtains the funding to begin negotiations.[1]

(NYSCEF Doc. No. 42 at 2).

To prevail upon a cause of action for breach of contract, a plaintiff must prove that: (i) a contract exists; (ii) plaintiff performed in accordance with the contract; (iii) the defendant breached its contractual obligations; and (iv) the defendant's breach resulted in damages (*34-06 73, LLC v Seneca Ins. Co.*, 39 NY3d 44, 52 [2022]). DataArt has demonstrated that the Agreement is a valid contract and that Exos failed to pay DataArt $2,223,014.50 for services rendered. Exos' prior payments and its acknowledgement in the LOU that it had no claims regarding the quality of DataArt's services and without reservation of rights sounds the death knell for Exos' position

---

[1] In Neil Radey's Affidavit, he provided that "Unsaid in this email—but well known to the parties—was that throughout the Ukraine War, DataArt personnel primarily based in Ukraine continued to bill eight hours per day (without any description of the work provided) despite frequently being based in underground train stations and subway tunnels in the middle of a warzone. It is not credible that much, if any, work actually was being performed in these circumstances, as confirmed by the lack of output from DataArt during this time. Accordingly, I believed there was a strong basis for an agreement on a significantly discounted basis." (NYSCEF Doc. No. 55 ¶ 9). However, he does not say that DataArt ever agreed to this discount or anything like that. The LOU does not say that either. The LOU just indicates that Exos proposed it would receive a discount, not that DataArt agreed.

**652640/2025   DATAART SOLUTIONS, INC. vs. EXOS FINANCIAL LLC**                          **Page 4 of 6**
**Motion No.  001**

in this case (*see* NYSCEF Doc. No. 42 at 1).  Accordingly, DataArt is entitled to summary judgment on its breach of contract claim as well.

### II.  The Branch of DataArt's Motion Seeking Sanctions

A court in a civil action is authorized to award the reasonable attorneys' fees and expenses incurred by a party as a result of the opposing party's frivolous conduct (22 NYCRR § 130-1.1 [a]).  Conduct is frivolous for the purposes of a motion for sanctions if (i) it is completely meritless, (ii) it is done to delay or prolong the litigation or to harass or injure another party, or (iii) asserts false material statements of fact.  Exos' conduct does not rise the level of egregious conduct that warrants sanctions.  Thus, the Court declines to impose sanctions at this time.

Accordingly, it hereby ORDERED that the branch of DataArt's motion for summary judgment is GRANTED; and it is further

ORDERED that the branch of DataArt's motion for sanctions is DENIED; and it is further

ORDERED that DataArt may submit judgment with prejudgment interest at the statutory rate of 9% per annum from July 4, 2024 to the date of judgment.[2]

---

[2] DataArt is entitled to prejudgment interest stemming from July 4, 2024 because the LOU granted Exos a 4-month pause in collections beginning on May 15, 2024 (*see* NYSCEF Doc. No. 42 at 2).

**652640/2025  DATAART SOLUTIONS, INC. vs. EXOS FINANCIAL LLC**
**Motion No.  001**

**Page 5 of 6**

20260309142046AB0RROKCC7EBC2B1E3D4E13B1879B8784306A6D

__3/9/2026__
__DATE__

__ANDREW BORROK, J.S.C.__

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652640/2025   DATAART SOLUTIONS, INC. vs. EXOS FINANCIAL LLC**
**Motion No.  001**

**Page 6 of 6**

6 of 6

[* 6]